## SUPREME COURT.

### Root agt. Foster.

In an action of *assault and battery*, the statements, in the complaint, of the business and employment of the parties, and the object and intent of the assault, together with the statement that it caused the plaintiff to be ridiculed, &c., *held*, not to be *immaterial* or *irrelevant*. Although not essential to entitle the plaintiff to sustain his action, are material on the question of damages, and *may be proved.*
Whether they can be proved without alleging them in the complaint, Quere?

*At Chambers, Penn Yan, February*, 1853. Motion to strike out portions of complaint for redundancy or irrelevancy. The action is for an assault and battery.

E. Van Buren, *for Defendant.*
D. B. Prossor, *for Plaintiff.*

WELLES, Justice.—After carefully considering this case, I am inclined to think the matters in the complaint which the defendant's counsel moves to have stricken out, are neither redundant nor irrelevant. The first part of the complaint which is objected to, consists of a statement of the position and employment of the parties respectively, showing that they were produce buyers in the streets of Penn Yan, by which the plaintiff made certain gains and profits, &c. It is then alleged that the defendant unlawfully and maliciously, for the purpose of compelling the plaintiff to quit the streets and cease the business, and for the purpose of bringing him into disgrace and ridicule, then and there in the said public street, and in the presence of bystanders, with force and arms, violently assaulted the plaintiff, &c., and violently pushed and pulled, beat, struck, and kicked the plaintiff, and greatly bruised and wounded him, causing him to be ridiculed by the bystanders to his great damage, &c. It is objected by defendant's counsel that the statements of the business and employment of the parties, and the object and intent of the assault, together with the statement that it caused him to be ridiculed, &c., are irrelevant, and that the plaintiff would not be permitted to prove them upon the trial.

The allegations in question are not essential to entitle the plaintiff to sustain his action; but it is not correct to say they are immaterial. The motive and intent with which an assault and battery is committed, and the consequences resulting, are material on the question of damages, and may be proved. Whether they can be proved without alleging them in the complaint, is not necessary to decide. It does not lie with the defendant to object that the complaint is more specific than the law requires, unless some established rule of pleading has been violated, such as the statement of evidence, or the like. In the present case I cannot perceive how the defendant can be damnified by the statements objected to. It is competent for him to deny each and every allegation in the complaint, and thus put the plaintiff to the proof of the whole of it.

I think the complaint in this case conforms in principle with the common law rules of pleading, which, in most cases, are

the best *criteria* by which to judge of pleadings under the Code. There is a precedent in CHITTY of a declaration, which in my judgment is not distinguishable in principle from this complaint. (3 *Ch. Pl.* 466, *Pha. ed.* of 1821; *2d vol.* 853, 6th *Am. from* 5th *Lond. ed.*)

The motion is denied, without costs.