*June Term, 1860.*

CLARK
v.
LANGWORTHY.

---

## CLARK and wife vs. LANGWORTHY.

Where a trespass is relied on as the cause of action, it should be so distinctly set forth that it may be seen with reasonable certainty what is the principal act complained of, and what is mere matter of aggravation.

Where facts which might be relied on as constituting several different causes of action, were stated in one count, in such a manner that the defendant could not determine which cause of action the plaintiff intended to rely upon, nor to which he was bound to answer; the circuit court, on motion of the defendant, should have required the complaint to be made more definite and certain.

From an order denying such motion, an appeal lies.

June Term,
1860.

CLARK
v.
LANGWORTHY.

APPEAL from the Circuit Court for *Milwaukee* County.

The complaint in this case alleges " that during the month of February, 1859, said *A. J. Clark*, one of the plaintiffs, was imprisoned in the jail of Milwaukee county, charged with an offense against the laws of the United States;" that said *Roseline N.* then was, and now is, the wife of said *A. J. Clark*, and that the defendant then was, and ever since has been, the sheriff of said county; " that on or about the 15th day of February, 1859, the said defendant, having as such sheriff, control of said jail, and custody of said *A. J. Clark* therein, and designing to make an illegal and unconstitutional search of the dwelling house of said *A. J. Clark*, in which said *Roseline* and her children then resided, in the city of Milwaukee, in said county, and to take therefrom the private papers of said *A. J. Clark* therein, and to prevent any opposition being made by said *Roseline N.* to such illegal search and seizure, and designing to cause the said *Roseline N.* to be suspected of the commission of some crime, under pretense of which he might cause her to be imprisoned as aforesaid, for the purpose aforesaid, until such illegal search and seizure should be accomplished, did, at &c., employ one Smith, a notorious thief, to solicit, and the said Smith, on said employment, did then and there solicit the said *Roseline N.* to commit the crime of aiding and abetting the unlawful escape of her said husband from said jail;" that said defendant, at said city, in said county, did afterwards, on the 17th day of February, 1859, make and subscribe a complaint in writing, on oath, before one Clinton Walworth, the police justice of said city, upon which complaint the said defendant procured from said police justice a pretended warrant. [Here was set forth a warrant issued by said justice on the complaint of said *Langworthy*, dated Feb. 17, 1859, directed to the sheriff or any constable of said county, commanding them forthwith to arrest and bring before him *Jane Clark*, (*alias, &c.*,) upon a charge of having on that day conveyed into the jail of said county, certain articles mentioned in the warrant, with a view to facilitate the escape of one *Andrew J. Clark*, then lawfully detained in said jail,] she, the said *Roseline N.*, then being, as the said defendant, when

he obtained said warrant, well knew, entirely innocent of the things in said warrant charged, and the said defendant having no cause of suspicion that said *Roseline N.* was at all guilty of the matters in said warrant charged against her. The plaintiffs further allege, that the defendant, after he procured said warrant, designing to keep the said *Roseline* imprisoned in said jail securely, and thereby prevent her release on bail, or otherwise, until as aforesaid, "did not openly arrest said *Roseline N.* by virtue of said pretended warrant, but did, on said 17th day of February, 1859, to beguile her into said jail, under his control as such sheriff, cause it to be falsely pretended to her that her said husband wished her to be present at a meeting in said jail, between her said husband and his counsel, at 4 1-2 o'clock in the afternoon of the day and year last aforesaid; and furnished her with his, said defendant's, written permit for her to visit said jail at the time aforesaid, which representation the said defendant, when he caused it to be made to the said *Roseline* as aforesaid, well knew to be utterly false.   And the plaintiffs further show that the said *Roseline N.*, believing said representations to be true, repaired to said jail at about 4 o'clock of the afternoon of the day and year last aforesaid, and on exhibiting said permit, was admitted by the jailor into said jail, and by him shown into a room in said jail, and that as she passed into said room, the jailor locked the door upon her, imprisoning her in said room, without any previous notice to her that she was a prisoner, or was to be for any cause imprisoned: all of which was done by said jailor, by the defendant's express direction.   And the plaintiffs further show, that immediately after the said imprisonment of said *Roseline*, the said jailor and a deputy of said defendant, visited the room where she was imprisoned, and threatened to search her person, and then and there did search in the pocket of her dress, and took from her a key to a desk in her house, in which said *A. J. Clark's* private papers then were; which was done by said jailor and deputy, by the express orders of said defendant, and without any warrant or authority whatever to search her person, or to take said key."   And the plaintiffs further show, that on the 18th day of February, A. D. 1859, the

said Clinton Walworth was attending to his duties as police justice, in his office in said city, as the defendant then well knew, and that the defendant ought to have taken said *Roseline* before said justice on the day and year last aforesaid, according to the command of said pretended warrant, and that said *Roseline* requested said defendant so to do; but that said defendant, "for the purpose of continuing and completing said illegal search and seizure which he had begun but not completed, on the night of the 17th of February, 1859," refused so to do, and illegally and wrongfully detained said *Roseline* in jail all day of the 18th of February, 1859, and all night of that day, without any legal warrant or authority whatever; and that on the 19th day of February, A. D. 1859, "after said defendant had completed said illegal search and seizure," he caused said *Roseline* to be conveyed from said jail, before said police justice, who thereupon decided that said pretended warrant did not authorize the imprisonment of said *Roseline*, and she was then and there discharged from said imprisonment. "The plaintiffs further show, that during the said imprisonment of said *Roseline N.* in said jail, the defendant refused to furnish her a chair to sit upon; and the only bed furnished to her during said time, was one brought for her use from the wood pile in the yard of said jail, and that the same, from exposure to rain, was so wet that said *Roseline* could neither sit or lie upon it without endangering her health; that said *Roseline* had left at home her child of about six years of age, when she went to said jail as aforesaid, and that said *Roseline* requested the defendant's said jailor and deputy to inform her child where she, said *Roseline*, was, which they refused to do; and that said *Roseline* suffered, during her said imprisonment, great anxiety on account of her said child." And the plaintiffs further show, that said *Roseline N.*, by means of said wrongful conduct of the defendant, was greatly injured in the good opinion of her neighbors, and brought into great scandal, suspicion and disgrace. Whereupon the plaintiffs prayed judgment for their damages, &c.

The defendant's counsel moved the court for an order that said complaint be made so definite and certain by amend-

ment, that the precise nature of the charge or charges for which the plaintiff sought to recover might be made apparent, and that certain portions of the complaint (which are indicated above by being enclosed in quotation marks), might be stricken out as irrelevant and redundant, and also that there be stricken out of said complaint all statements of the evidence of the facts set up, instead of the facts themselves, with costs.

The court denied this motion, with leave to the defendant to answer within twenty days; and from the order denying the motion, the defendant appealed.

*Mat. H. Carpenter*, for respondent:

1. The order in this cause did not involve the merits, and therefore cannot be appealed from. R. S., p. 825, sec. 10. The very theory of the motion was, that the matter which they moved to suppress was immaterial. How then can the merits be affected by refusing to strike out the immaterial matter. *Bedell vs. Stickles*, 3 Code Rep., 105; *Whitney vs. Waterman*, 4 How. Pr. R., 313; *St. John vs. West*, 4 How. Pr. R., 331; *Tallman vs. Hinman*, 10 id., 90. 2. The motion was properly overruled. All the circumstances attending a trespass may be given in evidence in aggravation of damages, if they are properly alleged. 2 Greenl. Ev., sec. 272; *Churchill vs. Watson*, 5 Day, 140; *Bracegirdle vs. Orford*, 2 M. & S., 77; *Merest vs. Harvey*, 5 Taunt., 442; *Sampson vs. Coy*, 15 Mass., 493; *Sears vs. Lyons*, 3 C. L. Rep., 362; *Wort vs. Jenkins*, 14 John., 352. But they must be averred or they cannot be given in evidence. *Sampson vs. Coy*, 15 Mass., 493. The Code has not changed this rule. *Root vs. Foster*, 9 How. Pr., p. 37. The last case cited is almost like this case, and is a full authority for our complaint.

*Coon, Hollister & Cotton*, for appellant:

By sec. 29, chap. 125 of R. S., the plaintiff may unite in the same complaint several causes of action, but, by sec. 30, "they must all belong to one class, must affect all the parties to the action, and must be stated separately." There is only one count in the complaint. It is impossible to tell from that count what the precise nature of the charge is. It may be for false imprisonment of the wife, for malicious

June Term, 1860.

CLARK
v.
LANGWORTHY.

prosecution of the wife, for assault and battery upon the wife, for taking off or converting a key, for trespass and an illegal search at *Clark's* house, or for the alleged official misconduct of the defendant as an officer, in not taking the wife in proper season before the officer who issued the warrant, or not furnishing her proper accommodations in the jail. In case of the first charge, the defendant might deny it, or justify. In case of the fifth, the wife could sustain no action for such trespass and illegal search. The complaint concludes like a count in slander, although no slanderous words are alleged to have been spoken. Here are six several causes of action, all thrown together in one undistinguishable mass, and the court is not taxed, at the trial, with the burden of analyzing the complaint, nor is the defendant required to do so. See opinion of Judge SELDEN in *Benedict vs. Seymour*, 6 How. Pr., 298. See also *Shaw vs. Jayne*, 4 id., 119; *R. & W. Pl. R. Co. vs. Wetsell*, 6 id., 70. See also notes under sec. 160 of N. Y. Code, in Howard's N. Y. Code, p. 268.

October 15.

*By the Court*, PAINE, J. We think the motion of the defendant, for an order requiring the complaint to be made more definite and certain, should have been granted. Sec. 22, chap. 125, R. S. 1858, provides that " where the allegations of a pleading are so indefinite and uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment." We are obliged to confess that this complaint seems to us to come within this provision. For, after carefully examining it, even with the aid of the brief of counsel, it is impossible for us to say what is intended to be relied on as the cause of action. There are facts set forth in it which might be claimed as a cause of action for an assault and battery upon the wife, others for a false imprisonment of her, others that might be relied on as showing a malicious prosecution, and others tending to show that the matter relied on was an illegal search of *Clark's* house and the seizure of his private papers. The brief of counsel would seem to indicate that the latter was intended, for he

refers to the transaction as a violation of the provision of the constitution against unreasonable searches and seizures. But if this was the cause of action, it is obvious that the wife ought not to be joined in the suit. And if not, and some of the acts perpetrated on her were relied on, then it is difficult to perceive what an act of trespass upon her husband's property, or unlawful seizure of his papers, could have to do with the matter. If these were committed, he would have his right of action therefor; but it ought not to be alleged as a part of an action for an assault upon, or false imprisonment of, the wife.

June Term, 1860.

CLARK v. LANGWORTHY.

It is suggested that circumstances attending a trespass may be given in evidence to aggravate the damages, if properly alleged. This is undoubtedly so. But the difficulty here is, to say which are the circumstances and which the trespass. The trespass, if one is relied on, should be so distinctly set forth that it may be seen with reasonable certainty what is the principal act complained of, and not facts which might furnish ground for several different actions, stated in one count, leaving it impossible for the other party to know which to reply to. In the case of *Root vs. Foster*, 9 How. Pr., 37, which is cited by counsel as being similar to this, the complaint was obviously for an assault and battery, and the matter objected to was obviously mere matter of aggravation, neither amounting to, nor liable to be mistaken for, a separate ground of action. And under the old system of pleading, it would not have been traversable. 1 Chitty's Pl., 612. We think the plaintiffs should be required to draw the complaint in such manner that the defendant may know whether the action is for an assault and battery, or for false imprisonment, or both, or for a malicious prosecution, or for an illegal search of *Clark's* house.

The order refusing to require this, is reversed, with costs, and the cause remanded.