## HORTON VS. ARNOLD.

A chattel note is not commercial paper, and any failure of consideration may be inquired into, whether it was transferred before or after maturity.

In an action upon a chattel note, where the answer, after setting up a failure of the consideration, alleged further that the note was transferred from the original payee to the plaintiff after due, the court did not err in striking out such further allegation, on motion, as immaterial and redundant.

The proper remedy in such a case is by *motion*, and not by *demurrer*.

It was no objection to the order granting such motion, that the original answer had not been filed, the court having permitted the plaintiff, at the hearing, to file the copy served upon him. R. S., ch. 140, sec. 48.

APPEAL from the County Court of *Winnebago* County.

The case is stated by the court.

*Freeman & Jackson*, for appellant.

*Whittemore & Weisbrod*, for respondent.

*By the Court*, COLE, J. This is an appeal from an order striking out a portion of the answer for immateriality and redundancy. There can be no doubt that the objection to the answer was well taken. The action was brought upon a chattel note which had been transferred to the plaintiff. That portion of the answer stricken out stated that the consideration of the note had failed, and that the same was transferred after it became due. The defense of failure of consideration had been previously set up in the answer. The only new fact stated in that portion of the answer stricken out was, that the note was transferred after it became due. This allegation was probably made for the purpose of showing that the note was subject to the equities existing between the original parties. But as the

note was not commercial paper, any defect or infirmity in the consideration could be inquired into, whether it was transferred before or after it became due. Hence the immateriality and redundancy of the matter stricken out. That the remedy was by motion to strike out, and not by demurrer, is clear from the language of the statute. Sec. 22, ch. 125, R. S. It is contended, however, that the county judge erred in hearing and deciding the motion when he did, because the original answer had not been filed. A copy of it had been served, and when this, with other objections, was taken to the hearing of the motion, the county judge permitted the plaintiff to file such copy. This he had power to do under the provision of the statute. Sec. 48, ch. 140, R. S. If the copy served was not a correct one, the defendant had it in his power to obviate all doubt on that point by filing the original answer. The plaintiff, not having the original in his possession, was not in a situation to prove that his copy was a correct one. And as the defendant withheld such original, there was no alternative but for the court to pursue the course it did.

The order of the county judge is therefore affirmed, with costs.