<hr />

## Beggs vs. Beggs and others.

*November 11 — November 30, 1880.*

PLEADING: PRACTICE. *(1) Frivolous demurrer. (2) Remedy for irrelevant matter in pleading.*

1. Where a reply is in legal effect merely a denial of facts alleged in the answer by way of counterclaim, any *demurrer* thereto is *frivolous*.
2. If the reply contains irrelevant and redundant matter, defendant's remedy is by motion to strike out such matter.

APPEAL from the Circuit Court for *Waukesha* County.

The pleadings in this case were the complaint, the answer, a reply, and separate demurrers by different defendants to the reply as not stating facts sufficient to constitute a defense to the matters alleged in the answer. On plaintiff's motion, the

court made an order "overruling" the demurrers as frivolous, but with leave to defendants to demur anew, on terms. From this order defendants appealed.

For the appellants there was a brief by *A. Cook* and *P. H. Carney*, and oral argument by *J. V. V. Platto*.

*D. H. Sumner*, for the respondent.

COLE, C. J.    We are inclined to hold the demurrers in this case frivolous within our decisions. The action is ejectment. The defendants answer the general denial; allege title in themselves by virtue of an actual occupancy and possession of the premises for more than ten years, under certain conveyances named, and in effect claim the statutory lien for permanent and valuable improvements made on the land, and for taxes paid thereon under a claim of title asserted in good faith. To these answers the plaintiff put in a reply, which contains a general denial of the allegations of the answer, and also sets up much redundant matter in reference to a vendor's lien and waste. It is evident, however, that the reply only amounts to a general denial of the matter stated in the answer in the nature of a counterclaim (see *Scott v. Reese*, 38 Wis., 636), and no other or different effect can be given to it as a pleading. The real issue, therefore, was formed by the denial, in the reply, of the counterclaim, and the circuit court possibly may have so regarded it; at all events, practically, the demurrer was to a reply which only amounted to a general denial. It requires no argument, no research or deliberation, to determine the character of such a demurrer and show that it is frivolous. That is the criterion established by this court to determine whether or not a pleading is frivolous. *Cottrill v. Cramer*, 40 Wis., 555, and cases cited in the opinion. We have already said that the reply contains much irrelevant and redundant matter; but the remedy for this was by a motion to strike out, not by demurrer. Section 2683, R. S.; *Horton v. Arnold*, 17 Wis., 139; *Williams v. Sexton*, 19 Wis., 42.

The order "overruling," or, more properly speaking, striking out the demurrers, gave the defendants leave to demur anew within twenty days, upon payment of five dollars costs. As the issue had already been formed by the pleadings, no such leave should have been granted.

*By the Court.* — The order of the circuit court is affirmed.