JOINT SCHOOL DISTRICT No. 7 OF THE TOWNS OF BRIGHTON AND PARIS IN KENOSHA COUNTY, Appellant, vs. KEMEN and others, Respondents.

*February 2 — February 23, 1886.*

PLEADING. *(1) Replevin: Irrelevant and redundant matter. (2) Time to answer after payment of costs of motion.*

1. Allegations in an action of replevin *held* to have been properly stricken out as irrelevant and redundant.
2. Upon ordering portions of a complaint to be stricken out the court may properly impose costs of the motion upon the plaintiff and direct that the defendants have a certain time *after payment* of such costs to serve their answer.

APPEAL from the Circuit Court for *Kenosha* County.

The action is to recover the possession of the school-house and fixtures referred to in *State ex rel. Wiesmann v. Kemen,* 61 Wis. 494. The complaint was voluminous, and upon motion of the defendant several portions of it were stricken out as irrelevant and redundant. A general statement of the character of the portions so stricken out will be found in the opinion, and it is not deemed necessary to set them out more fully here.

The cause was submitted for the appellant on the brief of *Henry Wiesmann,* and for the respondents on that of *Quarles & Spence.*

COLE, C. J. This is an appeal from an order striking out certain portions of the complaint as irrelevant and redundant. The action is brought to recover the possession of a school-house and certain personal property belonging to the district, or their value, which it is alleged the defendants have unlawfully taken and wrongfully detained. The complaint is needlessly prolix, and contains much impertinent matter which can serve no other purpose than to incumber

the record. The allegations stricken out are not material, and were clearly redundant. They have really nothing to do with the cause of action attempted to be stated. The long detail of the circumstances about the formation of the district; its population, wealth, and territory; about the site of the school-house, and the efforts made by the tax-payers to pay for the building; the necessity of this property for the use of the district; the history of the litigation already had about the property (see 61 Wis. 494),— has nothing whatever to do with the issue to be tried. These matters are wholly irrelevant and redundant, and were properly stricken out for that reason. Any evidence pertinent to the cause of action will be admissible under the complaint as it now stands, as fully as if these irrelevant allegations were not expunged therefrom; and if the people of the district have suffered damages by the wrongful acts of the defendants in being deprived of a school and the possession of the school-house, whatever damages the law allows for such an injury can be recovered under the complaint.

The court, on striking out portions of the complaint, ordered that the plaintiff pay $10 costs of the motion, and that the defendants have twenty days after the payment of such costs to serve their answer. It is objected that this part of the order is irregular because it allows the defendants an unlimited time to answer. It was in the discretion of the circuit court to impose these costs on the motion, and it could extend the time for answering for twenty days after such costs were paid. These were matters resting in the sound discretion of the court. The plaintiff could limit the time by paying the $10.

*By the Court.*— The order of the circuit court is affirmed.