NATIONAL DISTILLING COMPANY, Appellant, vs. CREAM CITY IMPORTING COMPANY, Respondent.

*October 21 — November 7, 1893.*

PLEADING. (1) *Striking out irrelevant defense.* (5) *Plea in abatement: Real party in interest.* (6) *Motion to make definite: Failure to determine.*

CONTRACTS. (2–4) *Sale of chattels: "Trusts:" Restraint of trade: Interstate commerce.*

1. Where a defense is irrelevant and of such a character that it may embarrass or prejudice the plaintiff, it should be stricken from the answer on motion.

2. The mere fact that the vendor of goods was a member of an unlawful trust or combination formed for the purpose of acquiring complete control and a monopoly of the trade in goods of that class, is no defense to an action against the vendee for the purchase price, the illegality being entirely collateral to the sale.

3. An agreement by which the vendee was to receive a rebate of the purchase price if, for a certain period, he made all his purchases of goods of that class from the trust or members thereof, did not render the sale invalid.

4. Where both vendor and vendee were corporations of the state in which the sale was made, it was not a transaction of interstate commerce, within the act of Congress of July 2, 1890.

5. In an action for the purchase price of goods, an allegation in the answer that plaintiff is a member of a trust or combination which is the real party in interest, is defective as a plea in abatement where it does not appear whether such trust is a partnership or a corporation and it is not alleged that it or any of its members other than the plaintiff had any interest in the goods sold or the money to be paid for them.

6. Where plaintiff moved to strike out one defense in an answer and to make the other more definite and certain, the failure to determine the second branch of the motion was a material error.

APPEAL from the Circuit Court for *Milwaukee* County.

The complaint in this action is for a balance of $1,148.72, due for goods, wares, and merchandise, to wit, alcohol, spirits, whisky, etc., sold and delivered to the defendant at its special instance and request. The answer is to the effect that the plaintiff, prior to the sale and delivery of the goods, entered into an agreement with divers firms and corporations residing in different states for the purpose of forming a trust or conspiracy, whereby they agreed, combined, confederated, and associated themselves together for that purpose, and wrongfully to interfere with the freedom of trade and commerce, so that it might acquire the full, absolute, and complete control and monopoly of all alcohol, spirits, and liquors manufactured in the United States, and the exclusive right to regulate, dictate, and control the amount manufactured and the price thereof, and to render it impossible for dealers or consumers to purchase any such goods, etc., except from or through such trust, combination, etc.; that it was impossible for defendant to buy such goods through agents or members of said trust at their real market price, by reason of such combination, but it was compelled to pay a greater price therefor, and for the purpose of recovering back such overpayments on its purchases it was obliged to enter into an agreement to purchase all such goods used in its said business for the period of six months succeeding the date of purchases from said trust or members thereof, and by so doing it would then receive the amount of such overcharges; that defendant's business has been greatly injured by reason of said trust, etc., and by its business methods. And it was alleged on information and belief that said trust, confederation, or association, or the members thereof, were the real parties in interest in this action, and that the plaintiff is only an agent, member, or one of many partners residing in many and different states,

National Distilling Co. vs. Cream City Importing Co.

and that the action should be dismissed unless brought in the names of all such real parties.

As a separate defense it was alleged that between the 22d of June and 22d of October, 1892, the defendant purchased goods, wares, and merchandise to the amount, as per bills rendered, of more than $3,500; that they were billed and charged to this defendant at a greater price than the market value, and with each bill an agreement in writing was given to it, a copy of which is made an exhibit, for rebate of charges as before stated; that the spirits, alcohol, whisky, brandies, liquors, and compounded liquors purchased as aforesaid were of an inferior quality, and were not of the proof marked upon the bills furnished with the same, and upon which proofs the price therefor is fixed; that all of said goods were of less value than charged, and less than the market price, and that many of the goods were almost wholly worthless, whereby defendant was damaged, and his customers quit trading with him for that reason; that defendant had paid on said purchases a sum exceeding $2,400, and that the value of said goods, etc., purchased by the defendant was not greater than that sum.

The plaintiff moved that the first defense of illegality should be stricken out as irrelevant and redundant, and that the second defense set up should be made more definite and certain by showing the date and amount of each item of goods which the defendant claims was defective, and by showing of what the defect consists, whether in quantity or quality, and the amount of damage claimed for each defective item or article. The court denied the motion to strike out the specified portions of the answer, with $10 costs, but did not make any order in respect to that part of the motion to make the second defense more definite and certain, and the plaintiff appealed.

*Geo. E. Sutherland,* for the appellant.

For the respondent the cause was submitted on the brief of *C. W. Briggs.*

National Distilling Co. vs. Cream City Importing Co.

Pinney, J.   1. Taking the allegations of the first defense in their most liberal sense, it is apparent that they are irrelevant and have no legal relation to the controversy between the parties to the action, which is whether the plaintiff shall recover the demand set forth in its complaint. It is obvious that they state no defense to the action; and it does not appear that any of the matters so set up can be material in any aspect of the case as now presented, but they are of such a character that they may embarrass and prejudice the plaintiff in preparing for trial and in maintaining its action upon the merits.   An entire defense may be stricken out as irrelevant (R. S. sec. 2684); and where a defense is irrelevant and of the tendency above indicated, it ought to be stricken out on motion.  *Horton v. Arnold*, 17 Wis. 139; *Joint School Dist. v. Kemen*, 65 Wis. 282. But in this instance the motion was denied, with $10 costs of motion against the plaintiff.

The first defense does not deny any allegation of the complaint, but the substance of it is that the sale and delivery of the goods in question to the defendant was void as against public policy, because the vendor was at the time a member of an unlawful trust or combination formed to unlawfully interfere with the freedom of trade and commerce, and in restraint thereof, and to accomplish the ends therein set forth.   It is not claimed in the answer that the trust or combination had acquired the control and monopoly of all such goods, or that the defendant might not have purchased the goods in question of other dealers in Milwaukee or elsewhere.   Conceding, for the purposes of this case, that the trust or combination in question may be illegal, and its members may be restrained from carrying out the purposes for which it was created by a court of equity in a suit on behalf of the public, or may be subject to indictment and punishment, there is, nevertheless, no allegation showing or tending to show that the contract of

sale between the plaintiff. and defendant was tainted with any illegality or was contrary to public policy. The argument, if any the case admits of, is that, as the plaintiff was a member of the so-called "trust" or "combination," the defendant might voluntarily purchase the goods in question of it at an agreed price, and convert them to its own use, and be justified in a court of justice in its refusal to pay the plaintiff for them, because of the connection of the vendor with such trust or combination. The plaintiff's cause of action is in no legal sense dependent upon or affected by the alleged illegality of the trust or combination, because the illegality, if any, is entirely collateral to the transaction in question, and the court is not called upon in this action to enforce any contract tainted with illegality or contrary to public policy. The mere fact that the plaintiff is a member of a trust or combination created with the intent and purposes set forth in the answer will not disable or prevent it in law from selling goods within or affected by the provisions of such trust or combination, and recovering their price or value. It does not appear that it had stipulated to refrain from such transactions. A contrary doctrine would lead to most startling and dangerous consequences. The defendant is not a party to any illegal contract, and the case is, therefore, not within the rule of *Wheeler v. Russell*, 17 Mass. 281, and many similar cases, to the effect that "no action will lie upon a contract made in violation of a statute or a principle of the common law;" for the right of the plaintiff to make the sale in question, or of the defendant to buy, was in no way connected with or dependent upon the alleged trust or combination, although the plaintiff was a member of it. These views are sustained and illustrated by the cases of *Brooks v. Martin*, 2 Wall. 70, and *Sharp v. Taylor*, 2 Phil. Ch. 801; and many other cases might be cited to the same effect. The provision for a rebate of a part of the purchase price to pur-

chasers who would conduct their business in the manner stated in the answer was an inducement to them to continue their business relations with the plaintiff. It does not appear that there was any contract obliging the defendant to that course. A party may legally purchase the trade and business of another for the purpose of preventing competition, and the restraint of trade caused thereby is not, we think, unreasonable. *Mitchell v. Reynolds*, 1 Smith, Lead. Cas. (8th ed.) pt. 2, p. 756 (*417), and notes. And it would seem that an agreement between a number of dealers and manufacturers to raise prices, unless they practically control the entire commodity,— and this is not claimed of the trust in question,— cannot operate as a restraint upon trade, nor would it injuriously affect the public.

Both the plaintiff and defendant are Wisconsin corporations, and the goods in question were sold in this state. The sale, therefore, was not a transaction of interstate commerce, and was not within the act of Congress of July 2, 1890. 26 Stats. at Large, 209.

The allegation that the trust or combination is the real party in interest in this action, and that it can only be maintained by it, and should be dismissed unless brought in its name or the names of all the members thereof, is fatally defective as a plea or defense in abatement. It does not appear whether the alleged trust or combination is a partnership or a corporation, and so a legal entity, capable of suing or being sued; nor is it averred that it or any of its members other than the plaintiff had any interest in the goods sold or the money to be paid for them. The answer in this respect deals only in conclusions of law, leaving wholly uncontroverted the allegations of the complaint that the goods in question were sold and delivered by the plaintiff to the defendant at a price agreed upon between them; nor does it deny the allegation of indebtedness

therefor to the plaintiff. It fails to state any facts showing that the action is not rightly brought in the name of the plaintiff.

2. The circuit court omitted, inadvertently as we presume, to pass upon the second branch of the plaintiff's motion, namely, to make certain portions of the second defense more definite and certain. It is correct practice, we think, to combine in a single motion as many objections as the plaintiff supposes the defendant's answer is subject to, with a view of having them all determined at the same time, and not piecemeal, thus avoiding a multiplicity of motions and possible appeals. The plaintiff had an undoubted right to have its motion decided in all its material aspects, and, without indicating any opinion whether the motion as to the second defense should have been to make it more definite and certain or for a bill of particulars thereof, we hold that it was material error for the circuit court to omit or fail to determine this branch of the motion, for, until determined, the plaintiff could not secure the rights which the statute gives it in respect to such pleading, to either have the same made more definite and certain or a bill of particulars under it, and it is thereby deprived of all remedy it may have in this respect.

For these reasons the order of the circuit court is erroneous, and must be reversed, and the cause remanded to the circuit court for further proceedings according to law.

*By the Court.*— It is so ordered.