(54 Misc. Rep. 359)

BALLIN v. FOURTEENTH STREET STORE.

(Supreme Court, Trial Term, Kings County. May, 1907.)

SALES—ACTION FOR PRICE—DEFENSES.

In an action for the price of goods sold, it is no defense that plaintiff agreed to pay defendant's purchasing agent a commission on the goods at the time of the sale, in violation of Pen. Code, § 384r.

Action by Solomon Ballin against the Fourteenth Street Store. Judgment for plaintiff.

Action for goods sold and delivered.

Sydney W. Stern, for plaintiff.
Benjamin G. Paskus, for defendant.

BURR, J. In December, 1906, the defendant, through its purchasing agent, gave to the plaintiff an order for merchandise consisting of

shirts, which were to be delivered, at the agreed price of $1,026.76. The goods were delivered. The defendant has not paid for the same, and this action is brought to recover the contract price. Shortly before the giving of the order the plaintiff had offered to pay to said purchasing agent a sum equal to 5 per cent. upon the amount of all goods purchased by the defendant from the plaintiff through him. Subsequently, and before the giving of the order above referred to, the plaintiff made an arrangement with said purchasing agent by which, in consideration of his giving an order for the merchandise described in the complaint, said plaintiff promised to pay him for his personal use a sum equal to 6 per cent. upon the face amount of the order; the extra 1 per cent. representing the value of a credit of 60 days which plaintiff was willing to extend to defendant in connection with said purchase, but which defendant did not exact. After the delivery of the goods, plaintiff paid to the said purchasing agent the sum of $61.60, being a sum equal to 6 per cent. upon the face of said order. The answer sets up, as a defense to this action, the making and carrying out of the said agreement between its purchasing agent and the plaintiff.

It may be conceded that the agreement between the plaintiff and defendant's purchasing agent was contrary to public policy, was prohibited by statute, and was a crime. Pen. Code, § 384r; Laws 1905, p. 225, c. 136; Harrington v. Victoria Graving Dock Co., L. R. 3 Q. B. Div. 549. If this action were by said purchasing agent against the plaintiff to recover the sum which he promised to pay to him, it would not be enforced. Harrington v. Victoria Graving Dock Co., supra. It may be conceded, also, that the defendant, upon discovering the fact of the corrupt agreement between plaintiff and its purchasing agent, might have refused to carry out the subsequent contract of purchase and avoided the same; and it could not have been held liable in damages for so doing. Smith v. Serby, L. R. 3 Q. B. Div. 552. But, the contract of sale having been executed, so far as the plaintiff is concerned, by the delivery of the goods, and the defendant having accepted and retained the same, can the defendant on its part refuse to complete said contract, and pay the agreed price, because such contract of sale was preceded by the other and corrupt agreement above referred to? I think not. An agreement will be enforced, even if it is incidentally connected with an illegal transaction, provided it is supported by an independent consideration, if the plaintiff does not need the aid of the illegal transaction to make out his case. 9 Cyc. 556; Gray v. Hook, 4 N. Y. 449; Woodworth v. Bennett, 43 N. Y. 273, 3 Am. Rep. 706; Hoyt v. Cross, 108 N. Y. 76, 14 N. E. 801; Dennehy v. McNulta, 86 Fed. 825, 30 C. C. A. 422, 41 L. R. A. 609; National Distilling Co. v. Cream City Imp. Co., 86 Wis. 352, 56 N. W. 864, 39 Am. St. Rep. 902; Minn. Lumber Co. v. Whitebreast Coal Co., 56 Ill. App. 248; Washington Irr. Co. v. Krutz, 119 Fed. 279, 56 C. C. A. 1. It may be that the action of the purchasing agent in giving the order to the plaintiff, instead of to some other dealer, was influenced by the corrupt agreement; but the action of the defendant must be deemed to have been taken because the goods offered were

such goods as it desired and the prices were satisfactory. As was said in Dennehy v. McNulta, supra:

"The goods were the legitimate subjects of trade. There is no pretense that the purchaser was either deceived or mistaken. His purchase, so far as appears, was in exact compliance both with his expectations and his bargain."

The contract of sale was subsequent in point of time to the corrupt agreement. between the plaintiff and defendant's purchasing agent. But although, as the court said in Washington Irr. Co. v. Krutz, supra, "the occasion of making the new contract arose out of the existence of the prior illegal act, this will not make it void." In Woodworth v. Bennett, supra, the court say, citing with approval Gray v. Hook, supra:

"It has been laid down as a test that whether a demand connected with an illegal transaction is capable of being enforced at law depends upon whether the party requires any aid from the illegal transaction to establish the case."

In the case at bar, all that it was necessary for the plaintiff to do was to prove the order from the defendant, the delivery of the goods in accordance therewith, and the agreed price, or, in the absence of an agreed price, the reasonable value of the merchandise. In Whitebreast Coal Co. v. Minn. Lumber Co., supra, the defendant proved a contract between it and the plaintiff which was in violation of the Illinois statute prohibiting contracts for options to buy or sell commodities in future. The court, holding that this was no defense to an action for goods sold, actually delivered to, and retained by the defendant, said:

"The coal company did not call to its aid the illegal contract to make out its case. It was not necessary to do so. It was only necessary to show that the coal was ordered and delivered, and what was the reasonable value of it. The claim which forms the basis of this suit is perfectly legitimate. The sale and delivery of coal is not illegal. It is only option contracts to buy or sell coal which are prohibited by statute. Although there may be some illegal features incidentally connected with a transaction involved in a suit, yet the plaintiff may recover if his cause of action is otherwise legitimate and he can make out his case without calling to his aid the illegal agreement."

In National Distilling Co. v. Cream City Imp. Co., supra, the court held that, when the plaintiff was a member of an illegal trust or combination to raise prices, the defendant could not voluntarily purchase goods from it, and be justified in a court of justice in its refusal to pay for them because of the connection of the vendor with such trust or combination. In Hoyt v. Cross, supra, the defendant was indebted to the plaintiff for money lost at gaming. When called upon to pay, the defendant stated that he had no ready money, but that, if plaintiff would lend his note to the defendant's firm, defendant would procure it to be discounted, and with the proceeds pay his debt to the plaintiff, and, when the note became due, would take care of it. This was done, and from the proceeds of the discounted note defendant paid plaintiff the sum due. When this note was about to mature, the defendant asked plaintiff to give him another note to enable him to take up the one then coming due, again promising to take care of this new note at maturity.

This transaction was repeated on two or three occasions.  On the last occasion plaintiff refused to again lend his note unless defendant gave him his.note in exchange to protect him against any liability on such loaned note.  This the defendant did.  When the last one of plaintiff's notes came due, it was in the hands of an innocent purchaser for value, it was protested for nonpayment, and plaintiff had to pay it. He then sued the defendant on his exchange note and recovered.  Although the transaction originated in a gaming contract, which was void under the statute, the court held that, when the proceeds of the first discounted note was turned over to the plaintiff, the gaming debt was paid, and the illegal contract was at an end.  Thereafter the relation of the parties was that the defendant had borrowed plaintiff's note for his accommodation, and that accommodation was a sufficient consideration for defendant's exchange note, which was a valid and enforceable contract.

I have examined each of the cases cited by the defendant upon this point, and without exception they are cases where the plaintiff was seeking to enforce some unexecuted provision of the illegal contract, or could not prove his case without a resort to it.  I have not considered the fact that, at the time when the defendant gave its order to the plaintiff, it knew of the corrupt agreement between the plaintiff and its purchasing agent.  If this had any effect upon the transaction, it weakened, rather than strengthened, defendant's position.  There must be judgment for the plaintiff for the amount claimed, with costs.

Judgment for plaintiff, with costs.