Duncan', J.
Heard on demurrer.-
This suit is brought to recover $416.50' as the balance due *597 on an account for fifty-nine barrels of glucose sold and delivered by the plaintiff to the defendant in the year 1908.
The first defense is a general denial.
For a second defense the defendant says that the plaintiff is a member of a trust and combination in restraint of trade and that at the time said sale was made said combination was the sole manufacturer of glucose in the United States, and that for the purpose of forestalling and preventing competition therein and to further give effect to their unlawful conspiracy against trade, the plaintiff and other members offered in advance to give their customers respectively, a rebate on all glucose purchased by them in the year 1907, to be determined by the profits of the company at the close of that year, provided the customer would purchase all the glucose from that member exclusively, required for use in its establishment during said year 1907 and the year 1908, which the defendant accepted, and that the plaintiff thereafter raised the price of glucose twenty cents per hundred pounds and thereby created a fund for the purpose of and to be used to prevent threatened competition in the building of other glucose factories, and that as a result the defendant was compelled to buy said glucose of said trust and to pay therefor twenty cents more per hundred pounds than such glucose was reasonably worth, and that much more than it would have had to pay but for said combination.
The defendant further says that during said year 1907, it purchased of the plaintiff 277,644 pounds of glucose and that 'under and pursuant to said offer and acceptance it is entitled to fifteen cents per hundred pounds thereof, amounting to $416.-50, as its share of plaintiff’s profits for said year, for which the defendant prays judgment and set off against plaintiff’s claim.
A general demurrer is filed to this second defense.
This demurrer does not call upon the court to decide whether the facts set forth in this second defense of the answer constitute a cause of action, but whether the facts there alleged are sufficient in law to defeat the plaintiff’s claim.
The civil code provides that “any new matter constituting a defense, counter-claim or set-off” may be set forth in the answer *598 (Section. 5066-7, Revised Statutes).* A “defense” in the sense used in these sections means that which may be offered to defeat a suit, by denying, justifying or confessing and avoiding, the cause of action. It goes only to the plaintiff’s right. It is not a claim in any sense. It is not a sword, but simply a shield. This, as distinguished from the words “counter-claim” and “set-off,” used in the same connection. A counter-claim as defined by the code is “a cause of action existing in favor of a defendant, and against a plaintiff * * * between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff’s claim, or connected with the subject of the action.” Section 5069, Revised Statutes.
The fact that the plaintiff was a member of a trust and combination in restraint of trade is not a defense at common law nor by statute to an action for goods sold by it, even though the price of those goods was fixed by the trust agreement. The plaintiff’s cause of action is in no sense dependent upon or affected by the alleged trust agreement. That agreement the defendant was not a party to and it is entirely collateral to the transaction sued upon. There is no allegation in the answer tending to show that the sale in question was tainted with any illegality or was contrary to public policy, and the court is not called upon to give effect to any such transaction. If the statute made void all sales made by an unlawful trust, or .authorized the purchaser of goods from a trust to plead its unlawful character as a. defense, a different question would be presented. That the plaintiff is a member of an unlawful trust, etc., is no defense to an action for goods sold by it has been decided many times. Jackson et al v. Brick Association, 53 O. S., 303, 4, 5; Kinner et al v. L. S. & M. S. Ry. Co., 69 O. S., 339, 344-5; Connolly v. Union Sewer Pipe Co., 184 U. S., 540-545 (Ill.); National Distilling Co. v. Cream City Importing Co., 86 Wis., 352 (56 N. W., 874); Denny & Co. v. McNulta *599 et al, 86 Fed. Rep., 825 (Ore.) ; 41 L. R. A., 609; Hadley Dean Plate Glass Co. v. Highland Glass Co., 143 Fed. Rep., 242 (Mo.).
It is not alleged in the answer that the defendant purchased all of its glucose of the plaintiff during the years 1907 and 1908, so as to bring itself within the terms of the proposition as one entitled to the rebate offered. The action is not based upon any of the terms of the alleged contract set up as a defense, nor is is in furtherance of or connected with it in any way. The prices were not fixed by or with reference to the so-called contract, nor the rebate, and the only way the defendant could become a party to it was by doing something, not agreeing to do; that is to say, by purchasing all its glucose from the plaintiff during the years 1907 and 1908. It was simply the offer of a premium or reward in the way of profit sharing based upon the defendant’s exclusive business in the purchase of glucose during those years, and even though “accepted,” it did not bind or pretend to bind the defendant to purchase of the plaintiff a single pound of glucose, much less all it required in the prosecution of its business driring said period. In these respects this case is distinguished from the case of Contintental Wall Paper Co. v. Lewis Voight & Sons Co., 212 U. S., 227, where for the plaintiff to recover it was necessary for the court to give effect to the trust agreement. The same as to Mullen v. Huffman, Excr., 174 U. S., 639. Besides, the offer was legitimate. It tended to protect the trade ahd good-will of the plaintiff and others making it, leaving the customer free to trade where he pleased. If there was an unlawful trust, it was outside and beyond and independent of the transaction sued' on here. This so-called contract lacking the essential elements of a trust agreement, can not be set up as a counter-claim in this action.
If, then, the claim urged by the defendant by reason of the alleged excess of price charged it by the plaintiff for said glucose is not a set-off, it can not be pleaded as an answer in this case. The code defines a set-off as “a cause of action existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising on contract or ascertained by the decision of a court, and can only *600 be pleaded in an action founded on contract” (5071, Revised Statutes). It may be conceded that this action is founded on contract, the sale of the glucose, but is the defendant’s cause of action founded on contract? If it is not, it can not be pleaded as a set-off. The right of action is not known at common law. It was created by statute (the Valentine anti-trust law, Sections 4427-1 to 4427-12, Revised Statutes). The right to recover depends upon a violation of that statute. The recovery is not one of compensation or damages. The amount is twofold the damages sustained by him “injured in his business or property.” This being so, it can not be said that the defendant’s cause of action is “founded- on contract,” but rather upon the statute for the collection of a penalty, the amount of which is thus fixed. The statute creates the right of action, fixes the amount of recovery and prescribes the remedy by suit to enforce it. “Set-off” is the limit of the defendant’s right to plead, and being statutory and unknown to the common law, the right to plead it-is necessarily limited by the statute itself, as already indicated. Maxwell Code Pl., p. 546; Pom. Rem. Rem’d’l Rights, Section 765; Phillips Code Pl., Section 254. The action should be a direct one.
Holding these views, it follows that the demurrer to the second defense must be sustained. Exceptions noted.

The corresponding sections of the ’ Revised Statutes to the General Code are as follows: 4427-1 to 4427-12 R. S., 6391 to 6390 G. C.; 5066 R. S., 11314 G. C.; 5067 R. S., 11315 G. C.; 5069 R. S., 11317 G. C.; 5071 R. S., 11319 G. C.