## HEARN et al. v. SCHUCHMAN.

(Supreme Court, Appellate Division, Second Department.　June 27, 1913.)

Appeal from Special Term, Nassau County.

Action by George A. Hearn and others, copartners, against George Schuchman. From an order of the Special Term (80 Misc. Rep. 311, 141 N. Y. Supp. 242), denying their motion for judgment on the pleadings, plaintiffs appeal. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and PUTNAM, JJ.

H. Snowden Marshall, of New York City (Isaac H. Levy, of New York City, on the brief), for appellants.

Lawrence B. Cohen, of New York City, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on the opinion of Mr. Justice Kelby at Special Term, except in so far as such opinion may suggest that the sufficiency of the complaint herein is in any way affected by the fact that the defendant has been convicted and punished in a criminal proceeding on the very facts set forth in the complaint herein.

BURR, J. I concur in the affirmance of the order appealed from, but venture to suggest an additional reason therefor. As the various contracts for repairs and the sale of goods have been executed by the defendant, and the plaintiffs have accepted and retained the subject-matter thereof, in my opinion, in an action to recover the agreed price, they could not refuse to complete such contracts and pay such price because these contracts were preceded by another and corrupt agreement between the defendant and the purchasing agents of the plaintiffs. Ballin v. Fourteenth Street Store, 54 Misc. Rep. 359, 105 N. Y. Supp. 1028, affirmed 123 App. Div. 582, 108 N. Y. Supp. 26, affirmed without opinion 195 N. Y. 580, 89 N. E. 1095.

"An agreement will be enforced, even if it is incidentally connected with an illegal transaction, provided it is supported by an independent consideration, if the plaintiff does not need the aid of the illegal transaction to make out his case." 54 Misc. Rep. 361, 105 N. Y. Supp. 1029.

Inasmuch as the case of Sirkin v. Fourteenth Street Store, 124 App. Div. 384, 108 N. Y. Supp. 830, relied upon by appellants, was decided by a divided court, and in the Ballin Case, supra, a somewhat differ-

ent view was entertained than is therein expressed, although the affirmance in this court went upon another ground, I feel at liberty to express my own views in the matter.

If plaintiffs could not defend an action brought by defendant against them to recover the prices agreed upon in the several contracts, they cannot now sue, either in law or in equity, to compel repayment thereof. Of course, if the contracts were unexecuted, the plaintiffs might refuse to carry them out, and would not be liable in damages for so doing. Smith v. Serby, L. R. 3 Q. B. Div. 552. Or if it appeared that, by reason of the corrupt bargain between defendant and plaintiffs' purchasing agents, unnecessary goods and materials and unnecessary repairs had been ordered, or a price beyond the reasonable value thereof had been exacted, plaintiffs might have relief to the extent of their damages by reason of the excessive price charged or the unnecessary goods and materials ordered. And they might avail themselves of this relief, either by way of defense to an action for the price agreed upon, or, if the contract price had been paid, in an action to recover the excess paid as the result of the fraud.

But the complaint fails to allege the ordering of unnecessary repairs or materials, or the payment of a price in excess of the reasonable value thereof. Under such circumstances, I think the plaintiffs are entitled to no relief, and for that reason I vote to affirm the order sustaining the demurrer.