MILTON SCHNAIER CONTRACTING CORP., Plaintiff, *v.* INTERNATIONAL TAILORING COMPANY, Defendant.

Supreme Court, New York County, November, 1922.

**Pleadings — work, labor and services — defense that prices charged are extortionate because of illegal conspiracy of workers — demurrer sustained — right to counterclaim for fraudulent acts.**

A buyer's refusal to pay for what he has bought and received is not justified by proof that the seller had previously entered into an illegal combination with others with reference to the sale of its product.  The illegality in such case is collateral and in an action for the price of the goods the court is not called upon to enforce a contract tainted with illegality or contrary to public policy, and the mere fact that the plaintiff is a member of the alleged illegal combination does not preclude it, as matter of law, from selling goods affected by such combination or from recovering their value.

The complaint in an action to recover an alleged balance due for work, labor and services and furnishing material in connection with the installation of the plumbing system and other work in the premises of defendant, also set forth

Supreme Court, November, 1922.          [Vol. 119

the necessary allegations in an action to foreclose a mechanic's lien with the usual demand for judgment in such an action including a demand for a money judgment for any deficiency remaining after the sale of the premises. *Held*, that the sole injury to defendant alleged as a defense being the extortionate increase in price which was brought about pursuant to a conspiracy between plaintiff and others in violation of the Donnelly Act (General Business Law, § 340 *et seq.*), a demurrer to the answer will be sustained with leave to serve an amended answer within twenty days upon payment of costs.

Performance of the contract upon the part of plaintiff eliminated the possibility of rescission upon the part of defendant and it was confined to a recovery, by way of counterclaim, of damages alleged to have been occasioned by the fraudulent acts of plaintiff.

Demurrer to answer.

*Milton Mayer* (*Goodman Block*, of counsel), for plaintiff.

*Glaze & Fine*, for defendant.

Martin, Francis, J.  In this action, commenced before October 1, 1921, the sufficiency of a defense is challenged by demurrer. No question has been raised as to the procedure adopted and we have only to determine whether the defendant's allegations are sufficient to set forth a complete defense.  The complaint alleges that between on or about June 21, 1920, and April 1, 1921, plaintiff, at the special instance and request of defendant, performed work, labor and services, and furnished materials to defendant in connection with the installation of the plumbing system and other work in premises of defendant in the city of New York of the reasonable value and agreed price of $47,673; and that $36,978.75 has been paid on account thereof, leaving due a balance of $10,694.25.  It then sets forth the necessary allegations in an action to foreclose a mechanic's lien.  There is the demand for judgment usual in such actions, including a demand for a money judgment for any deficiency remaining after a sale of the premises.  The defense with which we are concerned is that the work, labor and services performed and materials furnished were the subject of an agreement entered into between the parties on December 29, 1919; and that the price which defendant agreed to pay pursuant to said agreement was increased as the result of a conspiracy between plaintiff and others in violation of the Donnelly Act (General Business Law, § 340 *et seq.*).  The agreement between plaintiff and defendant was not an agreement directly within section 340, even though the alleged increase in the price be due to such an agreement between plaintiff and others.  The agreement between plaintiff and others in a similar business to restrict competition is illegal under the statute, but the agreement between plaintiff and defendant is not illegal.  An agreement within $340 could not be enforced by any

party to it because of its illegal character, but the agreement between plaintiff and defendant, not being illegal in character, is not subject to such defense. The sole injury to defendant alleged is the extortionate increase in price brought about pursuant to another agreement or arrangement between plaintiff and those with whom it is alleged plaintiff conspired. Defendant's allegations are to the effect that through said agreement it has been imposed upon by reason of the fraudulent acts of plaintiff. The complaint is based upon performance by plaintiff and the subject-matter eliminates the possibility of rescission after such performance. The defendant is, therefore, confined to a recovery, by way of counterclaim, of its damages for the fraud. The damage must be the alleged extortionate overcharge by reason of the acts of the parties to the conspiracy. This is the subject-matter of the counterclaim contained in the answer. In general, a buyer cannot justify a refusal to pay for what he has bought and received by proving that the seller had previously entered into an illegal combination with others with reference to sales of its product. The illegality in such a case is collateral and, in an action for the price of the goods, the court is not called upon to enforce a contract tainted with illegality or contrary to public policy. The mere fact that the plaintiff is a member of an illegal combination does not prevent it in law from selling goods affected by such combination or from recovering their value. *Connolly* v. *Union Sewer Pipe Co.,* 184 U. S. 540; *National Distilling Co.* v. *Cream City Importing Co.,* 86 Wis. 352; *Chicago Wall Paper Mills* v. *General Paper Co.,* 147 Fed. Rep. 491; *Wiswall* v. *Scott,* 86 id. 671. See 27 Cyc. 905, 906. The Donnelly Act declares illegal the dealers' agreement restraining competition, not the agreement of sale by a dealer to a purchaser. That act condemns not the carrying on of business but conspiracy restraining others from carrying it on freely. In *Johnston* v. *Dahlgren,* 166 N. Y. 354, the carrying on of the plumbing business by an unlicensed plumber was itself unlawful. Demurrer sustained, with ten dollars costs, with leave to defendant to serve an amended answer within twenty days on payment of costs.

Ordered accordingly.