MILTON SCHNAIER CONTRACTING CORPORATION, Respondent, *v.* THE INTERNATIONAL TAILORING COMPANY, Appellant.

First Department, May 4, 1923.

Lien — mechanic's lien — action to foreclose mechanic's lien on complaint for reasonable value and agreed price of work, labor and material furnished — action is for balance alleged to be due — defense that in written contract entered into bid by plaintiff was fixed by conspiracy with other bidders — balance alleged to be due is difference between price submitted by plaintiff to conspirators as reasonable and bid actually made — defense is sufficient in law.

In an action to foreclose a mechanic's lien upon a complaint drawn for the reasonable value and agreed price of services rendered in supplying labor and fixtures under a plumbing contract for defendant's building, a defense to the action is sufficient in law which alleges that the defendant sought competitive bids from various concerns, including the plaintiff; that the plaintiff submitted a bid which was later increased; that this bid was furnished under a false and fraudulent representation by the plaintiff to the effect that the bids were submitted in free and unrestrained competition whereas as a matter of fact the plaintiff and others were engaged in a combination or conspiracy whose object was to unlawfully restrain competition; that in carrying out the conspiracy all bids were submitted to an agent of the conspirators who fixed the amounts thereof; that the plaintiff submitted a bid to the conspirators of over $10,000 less than the bid on which the contract was made; that the bid submitted to the conspirators was raised by their agent to the amount of the bid for which the contract was made; that the defendant awarded the contract to the plaintiff in the belief that the bid was the result of competition; and where the balance claimed to be due is the difference between the bid submitted by the plaintiff to the agent for the conspirators as a reasonable bid and that actually submitted to the defendant upon which the contract was made.

APPEAL by the defendant, The International Tailoring Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 4th day of December, 1922, sustaining plaintiff's demurrer to the first separate defense in the answer upon the ground that the same is insufficient in law upon the face thereof.

The opinion of the Special Term is reported in *Schnaier Contracting Corp.* v. *International T. Co.* (119 Misc. Rep. 573).

*Glaze & Fine* [*George W. Glaze* of counsel], for the appellant.

*Milton Mayer* [*Goodman Block* of counsel], for the respondent.

McAVOY, J.:

Plaintiff brought an action to foreclose a mechanic's lien for $10,694.25, upon a complaint drawn for the reasonable value and agreed price of services rendered in supplying labor and fixtures under a plumbing contract for the defendant's building. The

work, labor, services and materials were said to be reasonably worth $47,673. Thirty-six thousand, nine hundred and seventy-eight dollars and seventy-five cents has been paid, and the amount above claimed is the balance due.

The answer which contains the defense demurred to, and which demurrer was sustained at Special Term, pleads in such defense that this defendant at the time of estimating the cost of erection of the factory then contemplated, sought competitive bids from various building concerns in New York, including the plaintiff, and that plaintiff submitted a bid to defendant proposing to do the plumbing and gas fitting work for $41,719, and thereafter on a pretext that certain features of the work had not been included in the bid, submitted a revised bid to defendant for $46,963, and that this was accepted by defendant, and a formal contract made thereunder for $46,943, $20 being deducted because another contractor had underbid plaintiff by $20, and plaintiff thus equalled his bid with the lowest bid.

It is claimed by the defendant in the defense, summarizing its general nature, that this bid was furnished under a false and fraudulent representation by the plaintiff, to the effect that the bids were submitted in free and unrestrained competition between him and other plumbing contractors whom he knew were then figuring on the job, whereas as a matter of fact the plaintiff and others were engaged in a combination or conspiracy whose object was to unlawfully restrain competition in this State in the supply and price of plumbing materials and supplies, and that this plaintiff and others had arranged that all bids and estimates of others should be in amounts theretofore fixed and designated by an agent of the conspiracy, one Hettrick, and no bidder would bid in amounts less than the amount for which such bidder would be willing to comply with the terms of such bid and estimate, but whenever requested by Hettrick, any member of the conspiracy would raise the amount of any contemplated bid or estimate before submitting such bid to his proposed contractor desirous of being furnished plumbing supplies or materials; that this contract was awarded to this plaintiff pursuant to this agreement with Hettrick, and that Hettrick awarded this job to the plaintiff without real competition and the bid of $36,169 submitted by the plaintiff to Hettrick was raised to the figures of $46,963, which were submitted to defendant, pursuant to the arrangement with Hettrick; that defendant at all the times was under the belief that this competition was real, and awarded the contract under the belief that the plaintiff's figures were the lowest of those who bid on the job, and was thus deceived into entering into the formal contract,

which is the basis of this claim, and by reason of these representations which were false, this combination or conspiracy to restrain competition is said, in the defense, to so affect the purposes and objects of the contract, and all benefits derived thereunder and in furtherance thereof, as to render it illegal and criminal in character, null and void, and to prevent recovery under any aspect of it.

If the suit were on the contract, I think its provisions were so bound up with the manner and method of regulating the price which has been held to be illegal, that recovery could not be had thereunder. The form of the action, however, is on the common count for work, labor, services and materials according to their reasonable value. The rule has been frequently asserted both in the State and Federal courts that the mere fact that a plaintiff is a member of an illegal combination does not prevent it in law from selling goods affected by such combination or from recovering their value (*Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 540; *National Distilling Co.* v. *Cream City Importing Co.*, 86 Wis. 352; *The Charles E. Wiswall*, 86 Fed. Rep. 671), and in 27 Cyc. 905 there is a similar text authority for this rule. If the illegality is collateral and the court is not asked to enforce a claim pronounced against public policy, a buyer cannot justly refuse to pay for what he has bought, or to compensate for labor performed by proving that the seller is concerned in a combination in restraint of trade or an illegal conspiracy to prevent free competition in the supply and price of commodities in common use. But, in this instance, the price fixed and bid arrangement engaged in, affected this contract and the services performed thereunder because it was directly concerned with fixing this specific price, and since the suit is based upon a claim for a sum which the defense shows was the price agreed upon in the unlawful combination, and the balance is the difference between that price and the price which was originally submitted to Hettrick by plaintiff as a reasonable figure, and a small sum in excess of which amount has already been paid by defendant to plaintiff, it would be straining the rule too far to refuse to permit these facts to be shown in the suit on work, labor, services and materials.

The demurrer to the defense should have been overruled.

The order should be reversed, with ten dollars costs and disbursements, and the demurrer overruled, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and FINCH, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and the demurrer overruled, with ten dollars costs.