### AKERLY vs. VILAS.

PRACTICE: *Joinder of defenses—Remedy for improper mingling in one statement of several causes of action, or several grounds of defense or counterclaim.*

1. A defendant may join as many defenses as he has.
2. In case of the improper mingling in one statement of several causes of action, or several grounds of defense or counterclaim, the remedy is by motion, and not by demurrer.

APPEAL from the Circuit Court for *Dane* County.

The plaintiff demurred to the answer for insufficiency, and appealed from an order overruling the demurrer. The substance of the complaint and answer is stated in 15 Wisconsin Reports, pp. 402–407.

PAINE, J. In deciding the appeal formerly brought in this case from the order refusing to dissolve the injunction, we necessarily passed upon the question now presented, so far as to hold that the demurrer to the defendant's answer was properly overruled. We do not feel called upon now to go further and decide all the questions presented by the answer, as the respondent's coun

sel desired us to do. It does not yet appear that they have been passed on by the circuit court. If we should now decide them, the case would still have to be tried upon the evidence, and we shall therefore leave them for review, until after it has been so tried and the circuit court has decided upon the entire merits of the defense. The appellant contends that, without reference to the merits of the defense, the demurrer should have been sustained because different "causes of defense were improperly united." But this objection cannot be urged against an answer, in the same sense that it can be urged against a complaint that different causes of action are improperly joined in it. For a defendant may join as many defenses as he has; though all causes of action cannot be joined.

If this objection was intended to reach the improper mingling of different grounds of defense or counterclaim in one statement, a demurrer is inappropriate for that purpose. An answer may be demurred to for "insufficiency," and the counsel for the appellant referred to Van Santvoord's Pleading, pp. 697 *et seq.*, where it is intimated that under this phrase all the grounds of demurrer to a complaint might be included. But even if this is conceded, it seems now to be settled that the improper joining in one statement of different causes of action, which may be joined in the same complaint, is not ground of demurrer. The remedy is by motion. How. Code, p. 227, 228, and cases cited. Some of the cases hold otherwise, but we think the conclusion above stated is sustained by the better reasons, and that practice has been followed here. *Clark v. Langworthy*, 12 Wis. 441. And the same rule applied to a complaint, so far as this question is concerned, should be applied to an answer.

*By the Court.* — The order appealed from is affirmed, with costs.

## JUNE TERM, 1868.