Irvin and others vs. Smith.

*February 26 — March 18, 1884.*

*Issue joined on defective counterclaim: Striking cause from calendar.*

Though a counterclaim is not so denominated the plaintiff may waive that defect and reply thereto; and, even though the counterclaim was not a proper one in the action, if issue is joined thereon so late that the cause could not properly be noticed for trial at a certain term, the plaintiff is entitled to have the cause stricken from the calendar of such term.

APPEAL from the Circuit Court for *Door* County.

Replevin. The substance of the pleadings is stated in the opinion. The action was tried at the July term of the circuit court for Door county, in 1883. When the calendar for the term was called the plaintiffs' attorney gave notice that he would move to strike the cause from the calendar for the reason that it was noticed for trial before issue was joined. This motion was afterwards heard and denied. Plaintiffs' attorney then moved, upon affidavits, for a continuance, which was also denied. A jury having been impaneled, the plaintiffs' attorney moved, upon the same affidavits, for leave to withdraw a juror. That motion also was denied. Plaintiffs' attorney then stated that he had no evidence present to offer. The defendant gave evidence of the quantity and value of the timber taken under the writ of replevin and of the damages from its detention. A verdict was rendered accordingly in favor of the defendant; a motion for a new trial was denied; and from the judgment entered on the verdict the plaintiffs appealed.

For the appellants there was a brief by *Henry T. Scudder*, attorney, and *J. V. Quarles*, of counsel, and oral argument by *Mr. Scudder*.

For the respondent there was a brief signed by *O. E. & Y. V. Dreutzer*, and the cause was argued orally by *O. E. Dreutzer* and *J. J. Tracy*.

Cole, C. J. If the plaintiffs were right in treating the amended answer as containing a counterclaim, and in replying to it, the case was not in a condition to be forced to trial at the July term. The action is to recover a certain quantity of cedar railroad ties, fence posts, and telegraph poles which it is alleged the defendant wrongfully cut and removed from the lands of the plaintiffs, and which the defendant unlawfully detains, etc. The answer in effect contains a general denial, alleges that these ties and telegraph poles, etc., were cut from lands owned by the defendant, and that the plaintiffs have no claim or lien upon them for any cause. It then states that if any of these ties, posts, and poles mentioned in the complaint were cut upon the lands of the plaintiffs, it was done by mistake as to the boundary line, and sets forth that an affidavit was served that such cutting was done by mistake. Finally, the answer closes as follows: "That the plaintiffs have wrongfully and unlawfully taken from the defendant 4,500 cedar railroad ties, 8,000 cedar fence posts, and 100 telegraph poles, of the value of $2,600, to the damage of the defendant herein $3,000." The answer then demands this affirmative relief, "that the defendant recover of and from the plaintiffs the sum of $3,000, the damage sustained as aforesaid." The plaintiffs construed this part of the answer as containing a counterclaim, and served a reply to it three days before the commencement of the term.

It seems to us the plaintiffs had the right to treat this answer as setting up a counterclaim. It is true it is not denominated a counterclaim, and might be defective in that regard. R. S., sec. 2656. But the plaintiffs might waive that defect and take issue upon it. *Voechting v. Grau*, 55 Wis., 312. No particular form of words is necessary to make a pleading a counterclaim, where the plaintiff does not object but takes issue upon it. But the defendant's counsel say, as the cause of action set up in the answer was

one sounding in tort, the plaintiffs were bound to know it was not a proper counterclaim· and act accordingly. But does it lie in the mouth of a party who has put in a pleading calculated to mislead as to its character to say that his adversary should have disregarded it and have proceeded in the action as though no such pleading had been filed? In this case the plaintiffs might well have supposed that the action was not triable at the July term, because of the state of the pleadings, and have made no preparation for the trial. And still the defendant was permitted to take advantage of the fact and force a trial, though issue had been taken on his counterclaim but three days before the term. The defendant was wholly responsible for the issue being made up at that late day by reason of the answer which he served. Under the circumstances he should not have been allowed to force the cause to a trial at that term. Whether there will be any practical difficulty in trying the counterclaim in this action of replevin, is a question we need not anticipate. If the parties consent — as they seem to have done by the issues formed — to litigate both causes of action together, perhaps the court can find some way to so mould its judgment as to award redress to each party — if each should prevail on his claim. But with that result we have at present no concern. Certain it is, however, the statute provides that where the plaintiff is a nonresident of the state, any cause of action whatever, arising within the state and existing at the commencement of the action, may be made a counterclaim, with the single exception named. Subd. 3, sec. 2656, R. S. It is a fair presumption from the matters stated in the complaint that the plaintiffs are nonresidents; therefore, the defendant might avail himself of the benefit of this statute. Be this as it may, in any view which we have been able to take of the practice, we are of the opinion that the cause should have been stricken from the calendar on the motion of the plaintiffs, because not

triable at that term.    The plaintiffs were entitled to such an order, under the circumstances, as a matter of strict right, and it was error on the part of the court to deny it and allow the defendant to force the cause to a trial.

Without considering any other question, the judgment of the circuit court must be reversed, and the cause remanded for further proceedings according to law.

*By the Court.*— Ordered accordingly.