KIPP, Respondent, vs. GATES, Appellant.

*December 14, 1905—January 9, 1906.*

*Pleading: Separate defense: Demurrer: Counterclaim: Claim against third person: Sale of patent right: Promissory notes: Constitutional law.*

1. A defense pleaded in the answer "as a further defense"—meaning a separate and additional defense—must be complete in itself.
2. Where, in an action upon promissory notes, a separate defense alleged facts to show the invalidity of another note given by defendant and which had passed into plaintiff's hands, but did not show any connection between such note and the causes of action stated in the complaint, a demurrer to that part of the answer was properly sustained.

3. A claim against a person other than the plaintiff is not pleadable as a counterclaim.

[4. Whether ch. 438, Laws of 1903, providing that all notes given for any patent, patent right, or interest therein shall have written or printed thereon in red ink the words, "The consideration for this note is the sale of a patent, patent right, or interest therein, as the case may be," is a valid enactment, not determined.]

APPEAL from an order of the county court for Jefferson county: GEORGE GRIMM, Judge. *Affirmed.*

This action was commenced October 10, 1904, to recover $400 and interest thereon at six per cent. per annum from March 31, 1904, being the amount due upon eight promissory notes, each executed by the defendant, wherein he promised to pay to this plaintiff $50, with interest thereon at six per cent. per annum, at the First National Bank of Milwaukee, due respectively May 15th, June 1st, June 15th, July 1st, July 15th, August 1st, August 15th, and September 1st, all in the year 1904; each note being alleged as a separate cause of action. The defendant, by way of an amended answer, interposed a defense to each of said eight causes of action, by way of admissions, denials, and counter allegations, to the effect that no consideration existed for the execution of said note, and that the same was wholly without value or consideration, and that the alleged value and consideration wholly failed, and that said note and nine other notes of $50 each were given in renewal of a former note of $500 given by the defendant to one Joseph F. Scheuer on or about October 27, 1903, which was thereinafter more specifically set forth, and all of which facts in relation to said $500 note the plaintiff well knew; and further denied that there was any sum due on said note. Such amended answer further alleged as a defense, in effect, that the said eight notes were given by the defendant to the plaintiff as a renewal of said $500 note; that the defendant was induced to give said $500 note to Joseph F. Scheuer and the Advance Fire Appliance Company for the

purchase of a certain state right of a certain patented article known or called "Blaze Killer," and such other patented articles as said company might put upon the market, and that the defendant was so induced to make such purchase and give said $500 note on the fraudulent representations that the said Advance Fire Appliance Company was a corporation and that the said Scheuer was secretary thereof, whereas it was merely a copartnership and said Scheuer was a member thereof; that the said company owned valuable patents and patent rights and manufactured patented articles and realized large profits from the sale thereof; that the company would send out salesmen and put said patented articles on the market in the territory offered to the defendant, and sell the same and sell county rights therein; that such statements were false and fraudulent, and that it was not intended by Scheuer and the company that said patented articles should be introduced and sold; that the defendant believed all of such statements to be true and relied and acted thereupon and was thereby induced to give said $500 note and make said contract of purchase. Such amended answer then contained the following allegations:

"[Defendant as a further defense alleges that the said note of $500 was given as the purchase price of a certain patent right or interest therein of a fire extinguisher known as 'Blaze Killer,' manufactured and sold by said Joseph F. Scheuer and said Advance Fire Appliance Company, and for no other purpose and for no other consideration (a copy of the contract of purchase is hereto attached and marked 'Exhibit A' and made a part hereof); that at the time said note was given no consideration existed for the execution of the same; that said note had not written or printed thereon in red ink 'The consideration of this note is the sale of a patent right or interest therein,' as required by sec. 1, ch. 438, Laws of Wisconsin for year 1903; that as defendant is informed and believes said note passed into the hands of plaintiff herein after maturity without any consideration therefor, and that no consideration existed for the transfer of the same to plaintiff; that the

above-named plaintiff well knew at the time that said note is alleged to have passed into his alleged possession and ownership that the said note was so given and taken for a patent, patent right, or interest therein, and the defendant further alleges that patent, patent right, or interest therein for which the said note was given and taken is and was fraudulent and void and worthless, and was worthless at the time that said note was given and taken, and ever since has remained worthless and of no value, all of which facts were well known to the plaintiff herein at the time he became the holder of said note and to the said Joseph F. Scheuer and said Advance Fire Appliance Company at said time; and that said facts were at the time of the taking and giving of said note unknown to this defendant; and that at the time of the taking and giving of said note the said Advance Fire Appliance Company represented and warranted to this defendant, as a part of the consideration for which the said note was given, that the said patent, patent right, or interest therein was legal and in force, and that the same was of great value, and that the defendant believing and relying upon said representations of said patent, patent right, or interest therein, gave the said note to said Joseph F. Scheuer, all of which facts were well known to the plaintiff herein before he became the alleged holder and alleged owner of said note, and that the said plaintiff herein is not an innocent holder and owner of the note of $500 herein mentioned.]"

Such amended answer then alleges as a further defense, in effect, that March 31, 1904, he gave in renewal of said $500 note ten notes of $50 each, eight of which are described in the complaint, and that at the time of such renewal the defendant requested the return of said $500 note so given to said Scheuer and transferred to the plaintiff, but that the plaintiff refused to so return the same and still so refuses.

And as a first counterclaim said amended answer alleges, in effect, that said Scheuer, the payee of said $500 note, prior to the making thereof, sold to the defendant the exclusive right to sell the patented article "Blaze Killer" in certain territory described, and also the right to receive a certain portion of the profits made from the sales thereof to any persons

whose names and addresses should be sent to said company by the defendant; that the said Scheuer took said $500 note as the consideration of said patent right and interest therein; that said note failed to state that the consideration therefor was the patent right or interest therein as required by ch. 438, Laws of 1903; and that there is now due and owing to this defendant the penalty provided by the second section of that act, to wit, the face value of said note and interest thereon from October 27, 1903, and that the plaintiff had good reason to know and did know that the said $500 note was given in consideration for a patent right or interest therein.   And for a second counterclaim said amended answer alleges, in effect, that April 19, 1904, the defendant paid to the plaintiff $50 for one of said renewal notes; that May 9, 1904, the defendant paid to the plaintiff $50.38 for another of said renewal notes; that May 21, 1904, the defendant paid to the plaintiff $50.38 for said renewal note due May 15, 1904, all of which three notes were given without consideration and void; and that there is due to the defendant from the plaintiff $150, with interest from said dates.

The plaintiff demurred to the portion of said amended answer quoted above and embraced within brackets, for the reason that it appears on the face thereof that it does not state facts sufficient to constitute a defense.   The plaintiff also demurred to the first counterclaim alleged in said amended answer, on the ground that the defendant has not legal capacity to maintain the same, that such counterclaim does not state facts sufficient to constitute a cause of action, and that such cause of action alleged is not pleadable as a counterclaim.   As to the second counterclaim contained in said amended answer, the plaintiff admits that the defendant made the three several payments at the dates therein mentioned, but otherwise denies each and every allegation, matter, and statement contained in that counterclaim.

The trial court ordered that the demurrer to the portion of said amended answer above quoted and in brackets, in so far as said defense is predicated upon ch. 438, Laws of 1903, be sustained, and that the demurrer interposed by the plaintiff to the defendant's first counterclaim be sustained. From such order and the whole thereof the defendant appeals.

For the appellant there was a brief by *Skinner & Thauer,* attorneys, and *J. E. Malone,* of counsel, and oral argument by *Mr. Malone.* They argued, among other things, that acts of other states of the same import as ch. 438, Laws of 1903, have been held constitutional. *Wyatt v. Wallace,* 67 Ark. 575, 55 S. W. 1105; *Herdic v. Roessler,* 109 N. Y. 127; *New v. Walker,* 108 Ind. 365, 9 N. E. 386; *Hankey v. Downey,* 116 Ind. 118, 18 N. E. 271; *Brechbill v. Randall,* 102 Ind. 528, 1 N. E. 362; *Haskell v. Jones,* 86 Pa. St. 173; *Hunter v. Henninger,* 93 Pa. St. 373; *Shires v. Comm.* 120 Pa. St. 368, 14 Atl. 251; *Tod v. Wick,* 36 Ohio St. 370; *Streit v. Waugh,* 48 Vt. 298; *Bohon's Assignee v. Brown,* 101 Ky. 354; *Nunn v. Citizens' Bank,* 107 Ky. 262; *Hays v. Walker* (Ky.) 76 S. W. 1099; *Tilson v. Gatling,* 60 Ark. 114; *Brown v. Pegram,* 125 Fed. 577; *Sandage v. Studebaker Bros. Mfg. Co.* 142 Ind. 148, 41 N. E. 380; *Woods v. Armstrong,* 54 Ala. 150, 25 Am. Rep. 674, note; *Dillon v. Allen,* 46 Iowa, 299; *Winchester E. L. Co. v. Veal,* 145 Ind. 506, 41 N. E. 334.

For the respondent the cause was submitted on the brief of *Durant, Price & Cowen.* They contended, *inter alia,* that ch. 438, Laws of 1903, attempts to regulate and prescribe the manner of selling and transferring not only the patent right itself, but the product or fruit of the patent. The legislature has attempted to legislate upon subjects and thereby regulate the disposition of a class of property over which control has been exclusively given by the federal constitution to Congress. "A state law which prescribes that negotiable instruments, in

the ordinary form, shall not be given or accepted for an assignment of the patent itself, is as plainly obstructive of the exercise of a right vested by federal law as would be the inhibition of payment in the current funds upon the sale of a patent for cash." *Pegram v. Am. A. Co.* 122 Fed. 1000, 1005; *Woollen v. Banker,* 2 Flip. 33; *Castle v. Hutchinson,* 25 Fed. 394; *Reeves v. Corning,* 51 Fed. 774, 787; sec. 8, art. I, Const. of U. S.; *Hascall v. Whitmore,* 19 Me. 102; *Smith v. Hiscock,* 14 Me. 449; *Crittenden v. White,* 23 Minn. 24, 23 Am. Rep. 676; *Haskell v. Jones,* 86 Pa. St. 173; *Wilch v. Phelps,* 14 Neb. 134; *Cranson v. Smith,* 37 Mich. 309; *Hollida v. Hunt,* 70 Ill. 109, 22 Am. Rep. 67, and note; *State v. Lockwood,* 43 Wis. 403, 405; *Ex parte Robinson,* 2 Biss. 309; *Comm. v. Petty,* 96 Ky. 452. The act is an unwarranted and unconstitutional discrimination against certain classes of property, its sale and disposition and terms of payment. Police regulations when general in their nature are valid, but when they are aimed only at sales of patent rights, thus discriminating against such sales, even if the avowed purpose is not to depreciate the rights of the owners, but only as a preventive of fraud in such sales, they are invalid. The case is analogous to that of a police regulation applying exclusively to interstate or foreign commerce, which has been condemned in *Voight v. Wright,* 141 U. S. 62, and *Brimmer v. Rebman,* 138 U. S. 78. *Railroad Co. v. Husen,* 95 U. S. 465, 470. The limit to the police power of a state, when it affects rights given by federal law, is an interference incident to other purposes, and which is not exclusively aimed at or limited in its effect to such federal rights. The police power can be invoked to prevent the sale of a harmful drug, though the process of its manufacture is patented; or the sale of "burning oil," as in *Patterson v. Kentucky,* 97 U. S. 501. If, however, the power invoked deprives the patentee of the right to dispose of his patent, the question is a different one. *Pabst B. Co. v. Crenshaw,* 198 U. S. 17, 39.

CASSODAY, C. J. 1. The trial court sustained the demurrer to the portion of the amended answer quoted above and included in brackets on the ground that ch. 438, Laws of 1903, was invalid. The constitutionality of that enactment is the principal question discussed in the briefs of counsel, and numerous adjudications are cited on both sides. The question is important and fundamental, and should only be determined when properly presented and carefully considered. As we view the record, the question is not properly before us for determination. Such portion of the amended answer so demurred to is therein alleged "as a further defense," which obviously means a separate and additional defense. To be such a defense it must be complete in itself. It merely alleges the purchase by the defendant of the patent right and the giving of the $500 note as the purchase price thereof, and that such note did not have "written or printed thereon in red ink" the words required by said act, and that "said note passed into the hands of the plaintiff herein after maturity without any consideration therefor," and that the "plaintiff well knew at the time that said note" was so given and taken for a patent right, and was fraudulent and void and worthless, and that said facts were at the time of the taking and giving of said note of $500 unknown to the defendant. But there is no allegation nor statement in said separate defense to the effect that the defendant did not know of such facts when he gave the notes mentioned in the complaint, nor facts which in any way connect such purchase of the patent or such giving of the $500 note with any of the causes of action alleged in the complaint. It follows that the demurrer to so much of the answer as is quoted in the foregoing statement and included in brackets was properly sustained for the reasons here stated.

2. The plaintiff's demurrer to the first counterclaim alleged in the answer was very obviously properly sustained. Such counterclaim is for an amount alleged to be due to the

defendant from Joseph F. Scheuer, who sold to him the patent and took from him the said $500 note, and thereby incurred the penalty provided by sec. 2 of the act mentioned, being "a penalty equal to the face of the note so taken." But such counterclaim does not purport to be a claim against this plaintiff, and hence it was not pleadable as a counterclaim under the statute. Sec. 2656, Stats. 1898; *Moore v. Smead,* 89 Wis. 558, 569, 62 N. W. 426; *Appleton Mfg. Co. v. Fox River P. Co.* 111 Wis. 465, 469, 87 N. W. 453.

*By the Court.*—The order of the county court of Jefferson county is affirmed.