GOODING, Respondent, vs. DOYLE, imp., 'Appellant.

*February 3—February 18, 1908.*

*Appeal and error: Appealable orders: Striking out matter from pleading: Pleading: Demurrer: Scope.*

1. An order striking out as irrelevant portions of an answer is not appealable under sec. 3069, Stats. (1898), since it does not determine the action or prevent a judgment from which an appeal may be taken.
2. A demurrer must prevail or fall by the face of the pleading to which it is directed, and such pleading must be taken as it stands when the demurrer is interposed, unless otherwise authorized by statute.
3. After a demurrer is interposed the pleading demurred to cannot be modified by motion and the demurrer then apply to the face of such modified pleading.
4. A demurrer cannot be addressed to a part only of a defense alleged.
5. After a demurrer to an answer has been interposed the court cannot examine the pleading challenged to ascertain whether portions of the facts alleged in connection with the defense demurred to, specifically eliminated by the demurrer, are relevant and material to the defense demurred to.
6. Such examination would make the demurrer the medium of striking out irrelevant and redundant pleading.
7. A demurrer does not reach irrelevant and redundant matter; that must be accomplished by a motion.

Appeal from orders of the circuit court for Fond du Lac county: Chester A. Fowler, Circuit Judge. *One order reversed; appeal dismissed as to the other.*

The complaint is one by a resident freeholder and taxpayer of the city of Fond du Lac, suing in his own behalf and in behalf of all others similarly situated. The action is in equity to restrain the officers and agents of the city from paying a claim presented by the Bulletin Printing Company under an alleged contract between the city and the printing company for the publication of the city common council proceedings, upon the ground that the contract is wholly illegal and void. The defendant, *T. L. Doyle,* as mayor of the city, answered separately, denying the illegality of the contract and that the payment of such claim would result in an illegal diversion of the city's funds. This answer further alleges, in separate paragraphs, in effect: (1) That for many years the city has published the council proceedings in some daily paper published in the city, and that the common council on September 6, 1905, directed its clerk to advertise for bids for such publication; (2) that bids were received from different papers, including the Bulletin Printing Company; (3) that the common council directed that a contract be made with this company to publish the common council proceedings not required to be published by law; (4) that the bill embraced in the complaint was for two items of printing, $5 for copies of council proceedings in pamphlet form for the use of the city officers, and $40.60 for printing the council proceedings under the contract with the city; (5) that the Daily Bulletin had been published as a daily paper in said city since January 16, 1905, and had an extensive circulation, and one in excess of the other papers published in the city; (6) that the two printing companies other than the Bulletin Company, before bidding on the city printing under the call for bids to do the city printing for the period em-

braced in the complaint, had entered into a conspiracy to cheat the city by preventing competition in bidding for city printing, that the plaintiff aided in carrying out such conspiracy, and that he brings this action to prevent payment of this bill in furtherance thereof. On June 18, 1906, the plaintiff made a motion to strike out portions of the allegations of the answer as irrelevant and redundant, and at the same time demurred to the parts of the answer not covered by this motion, upon the ground that it appeared on the face thereof that such allegations did not state facts sufficient to constitute a defense. The demurrer, however, did not cover any allegation which was in effect a denial of the allegations of the complaint. The motion and the demurrer were passed upon by the court at the same time, and on September 6, 1906, the court made orders granting the motion and sustaining the demurrer. The defendant appeals from both of these orders.

*J. G. Hardgrove,* for the appellant.

For the respondent the cause was submitted on the brief of *J. M. Gooding.*

SIEBECKER, J. The order striking out as irrelevant portions of the answer is not appealable under sec. 3069, Stats. (1898), because it does not determine the action or prevent a judgment from which an appeal may be taken. *Wiesmann v. Shanley,* 124 Wis. 431, 102 N. W. 932.

The demurrer to defenses was interposed before any portion of the answer had been stricken out upon plaintiff's motion. The demurrer seems to proceed upon the idea that plaintiff has the right to demur to defenses in the answer as they would stand after the portion thereof covered by his motion had been eliminated therefrom. We do not perceive how a demurrer can so disregard parts of defenses which are in the pleading when the demurrer is served. The pleading demurred to must be taken as it stands when the

demurrer is interposed, unless otherwise authorized by statute. From this the conclusion follows that the demurrer must prevail or fall by the face of the pleading to which it is directed. The pleading demurred to cannot be subsequently modified by motion and the demurrer then apply to the face of such modified pleading. *Columbus v. Fountain Prairie, ante,* p. 593, 115 N. W. 111.

The plaintiff demurred to specific paragraphs and parts of others in the answer upon the ground that it appears upon the face of such allegations that they do not state facts sufficient to constitute any defense. A portion of the facts alleged in connection with the defenses demurred to are specifically eliminated by the demurrer. This was erroneous under the rule that a demurrer cannot be thus addressed to a part only of an alleged defense. *McCall Co. v. Stone,* 124 Wis. 572, 102 N. W. 1053. Nor can we, under this rule, examine the pleading challenged by demurrer to ascertain whether the portions eliminated are relevant and material to the defenses demurred to. To do so would make the demurrer the medium for striking out irrelevant and redundant pleading and of testing the sufficiency of the pleading to which the demurrer is addressed. The demurrer does not reach the defect of irrelevancy and redundancy. This must be accomplished by a motion. Upon these considerations the demurrer cannot be entertained, and the sufficiency of the alleged defenses is not presented for determination.

*By the Court.*—The appeal from the order striking out portions of the answer is dismissed, the order sustaining the demurrer of the plaintiff to parts of defenses in the answer is reversed, and the cause remanded with directions that the court enter an order overruling such demurrer.