STATE, Respondent, vs. CITY OF MILWAUKEE and another, Appellants.

*December 6, 1910—February 21, 1911.*

*Statutes: When affect rights of the state: Claims against county or city: Action by state: Pleading: Demurrer: Fines collected and not paid to state: Liability of county and city.*

1. Words of a statute applying to private rights do not affect those of the state. The general business of the legislative power is to establish laws for individuals, not for the sovereign; and when the rights of the state are to be transferred or affected the intention must be plainly expressed or necessarily implied.
2. The state may maintain an action directly against a county or a city charged with detaining moneys belonging to the state, and is not obliged to pursue its remedy in the manner prescribed by secs. 676–678, 682, 683, Stats. (1898), or by provisions of the city charter, all of which relate to the collection of private claims.
3. If the complaint is bad, a demurrer to the answer may be sustained as a demurrer to the complaint.

4. In an action by the state against a county and a city, allegations of the complaint that defendants have received to the use of the state and unlawfully detain a certain sum, being the clear proceeds of fines collected, which said sum defendants were legally bound and promised to pay to plaintiff without demand according to the provisions of the constitution and statutes of the state, mean merely that the treasurers of the defendants received such fines and failed to pay them over to the state as required by the constitution and laws.

5. The county and city are not liable for such default of their treasurers, and can be held liable for the money sued for only upon a showing that they actually received it and used it for legitimate municipal purposes.

Appeals from orders of the circuit court for Milwaukee county: W. J. Turner, Circuit Judge. *Reversed.*

The amended complaint alleges that at all the times hereinafter mentioned the defendant *City of Milwaukee* was and is a municipal corporation of the state of Wisconsin, situated in the *County of Milwaukee;* that the defendant *County of Milwaukee* at all times hereinafter mentioned was and is one of the county municipal subdivisions of the state;

"That heretofore, to wit, at various times on and between the first day of January, 1859, and the first day of January, 1909, the said defendants have received as the clear proceeds of fines imposed and collected within the said *County of Milwaukee,* for violations of the penal laws of said state, the sum of two hundred and twenty thousand seven hundred and thirty-two and forty-eight one-hundredths dollars ($220,732.48) to the use of the plaintiff, which said sum of money said defendants were legally bound and promised to pay to the plaintiff without demand, according to the provisions of the constitution and statutes of said state, but which said sum of money the said defendants unlawfully detain."

Then follow the amounts alleged to have been paid to and received by defendants yearly from 1859 to 1909, aggregating $220,732.48. Plaintiff alleges that said sums of money are now due and have not been paid, nor any part thereof,

and demands judgment for said sum of $220,732.48 with interest, together with costs and disbursements of this action.

The defendant *City of Milwaukee* answered setting up several defenses, and among others the statutes of limitation as follows:

"And for a further defense this defendant alleges that even though the plaintiff might have had a cause of action against the defendant as contained in said complaint, the plaintiff is barred from the prosecution of such action so far as the same is affected by section 4229, Wisconsin Statutes 1898, as amended by chapter 1 of the Laws of Wisconsin for 1905, pursuant to which such action must be commenced within ten years after the cause of action therefor has accrued, and that plaintiff did not commence said action until March 13, 1909."

The defendant *County of Milwaukee* answered, also setting up the statutes of limitation as a separate defense as follows:

"And for further defense said defendant *County of Milwaukee* alleges that if said plaintiff ever had a cause of action against said defendant *County of Milwaukee* as stated in said complaint, said plaintiff is barred from the prosecution thereof so far as the same relates to any fines or penalties collected or paid more than ten years prior to the service of the summons and complaint herein upon the defendant, as provided by section 4229 of the Wisconsin Statutes of 1898, as amended by chapter 1 of the Laws of Wisconsin for 1905."

The plaintiff demurred separately to the defenses of the statutes of limitation set up by the defendants *County of Milwaukee* and *City of Milwaukee* for want of facts sufficient to constitute a defense, and upon the hearing of the demurrer of plaintiff to part of the answer of the defendant *County of Milwaukee* said defendant demurred to the complaint for the following reasons: (1) that said complaint does not state facts sufficient to constitute a cause of action against said defendant *County of Milwaukee;* (2) that said plaintiff has not capacity to sue; and (3) that this court has no jurisdic-

tion of the action.    The court below overruled the demurrer of the defendant *County of Milwaukee* to the complaint and sustained the demurrer of plaintiff to that part of the answers of the defendants *County of Milwaukee* and *City of Milwaukee* setting up the statutes of limitation.    Both defendants appealed.

For the appellant *City of Milwaukee* there was a brief by *Daniel W. Hoan,* city attorney, and *W. H. Timlin, Jr.,* special assistant city attorney, and oral argument by *Mr. Timlin.*

For the appellant *County of Milwaukee* there was a brief by *Chas. A. A. McGee,* district attorney, and *Norman L. Baker,* assistant district attorney, and oral argument by *Mr. Baker.*

For the respondent there were briefs by the *Attorney General, Russell Jackson,* deputy attorney general, and *A. C. Titus,* first assistant attorney general, and oral argument by *Mr. Jackson* and *Mr. Titus.*

KERWIN, J.    The defendants assign error in overruling the respective demurrers of the plaintiff to the answers of the defendants as demurrers to the plaintiff's complaint, and in sustaining such demurrers as demurrers to the answers, also in overruling the demurrer of the defendant *County of Milwaukee* to the plaintiff's complaint interposed after the answer was served and upon the hearing of the plaintiff's demurrers to the answers of defendants.    The theory of the court below in overruling the demurrer of the defendant *County of Milwaukee* was that the objection that the plaintiff failed to proceed according to secs. 676, 677, 678, 682, and 683, Stats. (1898), must be taken by plea in abatement or answer or it is waived, and held that the complaint stated a good cause of action.    We need not stop to determine whether the failure to comply with the foregoing sections of the statute could be waived, as held by the court below, in case the action were brought by a private party, because we are of

opinion that this statute has no application to the cause of action set up in the complaint brought by the *State of Wisconsin.* The above statutes do not, either expressly or by necessary implication, refer to the state, and it is a general rule that such statutes in general terms do not bind the state. *Milwaukee v. McGregor,* 140 Wis. 35, 121 N. W. 642; *U. S. v. Hoar,* 2 Mason, 311; *Jones v. Tatham,* 20 Pa. St. 398; Endlich, Interp. Stats. § 161; *Cole v. White Co.* 32 Ark. 45; *Gilman v. Sheboygan,* 2 Black (U. S.) 510. In *Jones v. Tatham, supra,* the court said (page 411):

"Words of a statute applying to private rights do not affect those of the state. This principle is well established, and is indispensable to the security of the public rights. The general business of the legislative power is to establish laws for individuals, not for the sovereign; and, when the rights of the commonwealth are to be transferred or affected, the intention must be plainly expressed or necessarily implied."

No reason is perceived why the foregoing rule should not apply to the instant case, and if so the state was not obliged to pursue its remedy in the manner indicated by the statutes above referred to, but could maintain an action directly against the municipalities charged with detaining the money. The rule is of ancient origin and based upon the idea that the crown is not bound by a statute unless named in it and that the law is *prima facie* presumed to be made for subjects only. Bishop, Written Laws, § 103, and cases cited. And it is presumed that the legislature does not intend to deprive the crown of any prerogatives, rights, or property unless it expresses its intention to do so in explicit terms or makes the inference irresistible. *State v. Kinne,* 41 N. H. 238; Bishop, Written Laws, § 103; *State v. Garland,* 7 Ired. L. (N. C.) 48. The English rule has been adopted in this country. In *State v. Kinne, supra,* in speaking on this subject the court said (page 241): "Such a statute would not have been made had not the rule we have stated been understood to prevail,

that the state here, like the crown in England, is not bound by the provisions of a general statute which affects its preroga-tives, rights, or interests, unless expressly named." *Bennett v. McWhorter,* 2 W. Va. 441.   What has already been said ap-plies as well to the defendant city as to the defendant county, and we therefore conclude that failure to comply with the statutes referred to or the charter provisions respecting col-lection of claims against cities is not a bar to an action by the *State of Wisconsin.*

Respecting the position as to whether or not the complaint states a cause of action regardless of the matter before re-ferred to, the question is reached by the plaintiff's demurrers to the answers of the defendants county and city under the familiar rule that if the complaint is bad the demurrers to the answers reach back to the complaint and may be sustained as demurrers to the complaint.   *Lawe v. Hyde,* 39 Wis. 345; *Eaton v. North,* 25 Wis. 514; *State ex rel. Leiser v. Koch,* 138 Wis. 27, 119 N. W. 839.   So we reach the question whether the complaint states a cause of action against the de-fendants.

It is true under our system of pleading and the decisions of this court that pleadings should be liberally construed. But we fail to see how under such rule it can be said that the complaint states a cause of action in the case before us.   It merely charges that the defendants received the fines and detained them to the use of the plaintiff and which the de-fendants were legally bound and promised to pay to plaintiff without demand according to the provisions of the constitu-tion and statutes of the state.   These allegations, when read in the light of the provisions of the constitution and statutes of this state, clearly mean that the treasurers of the defend-ants received and detained the fines, and for that act the de-fendants are not liable.   Under the constitution and laws of the state the fines passed into the hands of the city and county treasurers to be paid over to the state.   Subd. 5, sec. 715,

Stats. (1898), makes it the duty of the treasurer of the county to transmit to the state treasurer a verified statement of all moneys received by him during the year which were payable to the state treasurer for fines, and pay to the state treasurer the amount thereof after deducting the legal fees. It is also made the duty of the city treasurer, under the law, to pay over to the county treasurer the portion of the fines belonging to the state. So such moneys received by the county or city treasurer are not the moneys of the respective municipalities, and such municipalities cannot be charged with having received or detained them except it be shown that they have used such moneys for legitimate municipal purposes; and the allegations that defendants have received such fines and are legally bound to pay without demand according to the provisions of the constitution and statutes of the state simply mean that the moneys were paid to the treasurers of the respective municipalities and that they have failed to account or pay as required by law. For such default upon the part of the treasurers the municipalities are not liable. *Smith v. Barron Co.* 44 Wis. 686; *Crandon v. Forest Co.* 91 Wis. 239, 64 N. W. 847; *Wallace v. Menasha,* 48 Wis. 79, 4 N. W. 101; *Hayes v. Oshkosh,* 33 Wis. 314; *Vigo Tp. v. Knox Co.* 111 Ind. 170, 12 N. E. 305; *Gray v. Tompkins Co.* 93 N. Y. 603. We think it clear under the constitution and statutes governing this subject that there can be no liability against the defendants or either of them except upon a showing that they received the money and actually used it for legitimate municipal purposes. *Thompson v. Elton,* 109 Wis. 589, 85 N. W. 425; *Rice v. Ashland Co.* 114 Wis. 130, 89 N. W. 908.

We are of opinion that the complaint fails to state a cause of action, therefore the demurrers of the plaintiff to the respective answers of the defendants should have been sustained as demurrers to the complaint, and the demurrers to that part of the answers setting up the statutes of limitation should

have been overruled, for the reason that the complaint fails to state a cause of action in not stating or showing by appropriate allegations that the defendants actually received and used for legitimate municipal purposes the money sued for.

*By the Court.*—The orders appealed from are reversed on both appeals, and the cause remanded for further proceedings according to law.

TIMLIN, J., took no part.