STATE, Respondent, vs. LEWIS, Appellant.

*October 5—December 5, 1916.*

*Appealable orders: Striking out parts of pleading: Criminal law and practice: Former jeopardy: Physicians and surgeons: Revocation of license to practice.*

1. An order of the circuit court striking out portions of an answer is not appealable.
2. The doctrine of former jeopardy applies only as to criminal proceedings.
3. A judgment in a criminal proceeding is neither a bar to a subsequent civil proceeding involving the same state of facts, nor is it proof of anything in the later proceeding except of the fact of conviction.
4. Thus, the acquittal of a physician, in a criminal action, of the charge of having performed an abortion is no bar to a subsequent civil proceeding under secs. 1436e, 1436f, Stats., to revoke, on the same charge, his license to practice medicine. The fact that under sec. 1435i revocation of his license would have followed a conviction in the criminal action does not change from civil to criminal the nature of the proceeding under secs. 1436e, 1436f.

APPEAL from orders of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Dismissed as to one order; the other order affirmed.*

The appeal is from two orders, one striking out certain portions of defendant's answer and the other sustaining a demurrer to a part of said answer.

The proceedings in this case are instituted under secs. 1436e and 1436f, Stats., to revoke and annul the license granted to the defendant to practice medicine and surgery within the state of Wisconsin. In the complaint he is charged with having procured, aided, and abetted a criminal abortion upon a pregnant woman and that as a result thereof the woman died.

The portion of the answer demurred to interposed as a defense to these proceedings an allegation to the effect that the defendant had been tried in the municipal court of Milwau-

kee county for the same offense above specified, and upon such trial judgment had been rendered in his favor; and that demurrer was sustained.

The defendant further alleged that the prosecution upon which the complaint herein is based is actuated by malice and ill will toward defendant. It is this portion of the answer that was stricken out by the circuit court. A motion was made in this court to dismiss the appeal from the order striking out this paragraph on the ground that such is not an appealable order.

For the appellant there was a brief by *Frank H. Hanaford* and *Charles S. Thompson,* and oral argument by *Mr. Thompson.*

For the respondent there was a brief by *A. C. Umbreit,* counsel, and *Winfred C. Zabel,* district attorney for Milwaukee county, and oral argument by *Mr. Umbreit.*

The following opinion was filed October 24, 1916:

ESCHWEILER, J.   The motion to dismiss the appeal from the order striking out the allegation in defendant's answer that the proceedings herein are actuated by malice and ill will must be granted.   Such an order is not one subject to review by this court by direct appeal therefrom.   Sec. 3069, Stats.; *Wiesmann v. Shanley,* 124 Wis. 431, 102 N. W. 932; *Gooding v. Doyle,* 134 Wis. 623, 115 N. W. 114.

By sec. 5, ch. 426, Laws 1903, there was incorporated into the law and made a part of what is now sec. 1435i, Stats., the following provision:

"If any person licensed or registered by said board [*i. e.* of medical examiners] shall be convicted of any crime, committed in the course of his professional conduct, the court in which such conviction is had shall in addition to any other punishment imposed pursuant to law revoke such license or certificate."

The defendant contends that, since these proceedings are instituted for the canceling or revoking of his license and the

same canceling and revoking could have been done in the proceedings in municipal court in case of his conviction, pursuant to the above quoted provision of sec. 1435$i$, he is now in effect being put in second jeopardy. He also contends that in any event the judgment of acquittal in the municipal court may be pleaded as a bar to these proceedings.

These proceedings are declared by the express language of the legislature to be civil proceedings. "Sec. 1436$e$. . . , Such action shall be commenced and prosecuted as a civil action in the name of the state of Wisconsin as plaintiff, and against such person complained against as defendant, and the rules of pleading, evidence and practice in civil actions in the circuit court shall be applicable thereto, and either party may appeal from the circuit court to the supreme court as in other civil actions."

They have been so held by this court in the case of *State v. Schaeffer,* 129 Wis. 459, 109 N. W. 522. While nothing is said in that decision with reference to the above quoted portion of sec. 1435$i$ relied upon by defendant, although the same was then in the law, yet it was there determined that this is a civil action and not one which imposes a penalty or prescribes a forfeiture. The effect of the above quoted portion of sec. 1435$i$, therefore, is simply to give, as an incident to such conviction, power to the court in the criminal proceeding to do directly and forthwith what might be done in subsequent civil proceedings. It therefore does not change the nature of the proceedings now before us from civil to criminal, and unless it does so change their nature there can be no application of the doctrine of former jeopardy, for that applies only as to criminal proceedings. *Brown v. Swineford,* 44 Wis. 282; *State v. Shevlin-Carpenter Co.* 99 Minn. 158, 108 N. W. 935, 938; *Stout v. State ex rel. Caldwell,* 36 Okla. 744, 767, 130 Pac. 553. We must therefore hold that by the present proceedings the defendant is not put in jeopardy for a second time for the same charge upon which he was acquitted in the proceedings in the municipal court.

On the second question which is urged in this case and in the case of *State v. Little, post,* p. 367, 159 N. W. 747, that the acquittal in the criminal prosecution of the charge of abortion may be pleaded in bar to these civil proceedings, we are of the opinion that the difference between the criminal proceedings and these is such that the general well recognized rule applies, namely, that a judgment in a criminal proceeding is neither a bar to a subsequent civil proceeding involving the same state of facts, nor is it proof of anything in such subsequent civil proceedings except of the fact of conviction. *State ex rel. Shea v. Evenson,* 159 Wis. 623, 626, 150 N. W. 984; *Stone v. U. S.* 167 U. S. 178, 189, 17 Sup. Ct. 778; 23 Cyc. 1348; *Micks v. Mason,* 145 Mich. 212, 215, 108 N. W. 707, 11 L. R. A. n. s. 653; *U. S. v. Donaldson-Shultz Co.* 148 Fed. 581; *State v. Roach,* 83 Kan. 606, 611, 112 Pac. 150; *State v. Corron,* 73 N. H. 434, 448, 62 Atl. 1044.

The same question raised here as affecting a physician's right to practice has been raised and held of no force in proceedings for disbarment of an attorney. *People ex rel. Colo. Bar Asso. v. Weeber,* 26 Colo. 229, 230, 57 Pac. 1079; *People ex rel. Colo. Bar Asso. v. Thomas,* 36 Colo. 126, 91 Pac. 36; *In re Thresher,* 33 Mont. 441, 84 Pac. 876; *In the Matter of ——,* 86 N. Y. 563.

Proceedings such as these are not in their nature an effort to further punish one who may already have been punished for the same offense, but are a rightful exercise of the power of the state to protect its citizens from physicians of bad character. *Hawker v. New York,* 170 U. S. 189, 196, 18 Sup. Ct. 573. The trial, therefore, of defendant in this action does not amount to substantially the same thing as a new trial in a criminal prosecution after an acquittal in it, as was the situation in the case much relied upon by defendant of *Coffey v. U. S.* 116 U. S. 436, 443, 6 Sup. Ct. 437. That case has no application here. The court below was justified in sustaining a demurrer to that part of the answer which

attempted to interpose as a defense the acquittal of defendant in the municipal court.

*By the Court.*—The appeal from the order striking out part of the answer is dismissed and the order sustaining the demurrer to a part of the answer is affirmed, and the cause remanded for further proceedings.

A motion for a rehearing was denied, with $25 costs, on December 5, 1916.