BOLICK, Respondent, vs. GALLAGHER and others, Appellants.

*February 3—March 2, 1954.*

For the appellants there were briefs by *Toebaas, Hart, Kraege & Jackman* of Madison, and oral argument by *W. L. Jackman*.

For the respondent there was a brief by *Arthur, Dewa, Nestingen & Tomlinson* of Madison, and oral argument by *Ivan A. Nestingen* and *Robert W. Arthur*.

FAIRCHILD, C. J.    When allegations are made a part of an answer which is pleaded in its entirety as an answer to a complaint, a motion to strike does not have the essentials

of a demurrer, and an order made thereon is not an appealable order. *Paraffine Companies v. Kipp,* 219 Wis. 419, 263 N. W. 84. There are cases where an order made on a motion to strike out a portion of an answer when pleaded as a separate defense has been reviewed upon appeal on the ground that there was in effect a ruling on a demurrer. *Williams v. Journal Co.* 211 Wis. 362, 247 N. W. 435. The ruling on the challenge here of the relevancy of recitals in the pleadings necessarily resulted in an order from which this court has no jurisdiction to entertain an appeal. *Wiesmann v. Shanley,* 124 Wis. 431, 102 N. W. 932; *Gooding v. Doyle,* 134 Wis. 623, 115 N. W. 114; *State v. Lewis,* 164 Wis. 363, 159 N. W. 746. Instead of giving the power to search the record as a demurrer does, as it may relate to the complaint (*State v. Milwaukee,* 145 Wis. 131, 129 N. W. 1101; *Stephens v. Wheeler,* 193 Wis. 164, 213 N. W. 464; *Bingham v. Board of Supervisors,* 127 Wis. 344, 106 N. W. 1071), the motion to strike seeks only a ruling on the relevancy of the matter called to the attention of the court.

A case illustrative of the proper procedure with reference to motions to strike is found in *Gilbert v. Hoard,* 201 Wis. 572, 573, 230 N. W. 720. There the plaintiff moved to strike certain allegations from the defendant's answer. The court granted the motion. On appeal, Mr. Justice Fowler said: "An order granting a motion to strike out a portion of an answer pleaded as a separate defense may be reviewed on appeal on the ground that it is in effect an order sustaining a demurrer. *Wisconsin F. & F. B. Co. v. Southern S. Co.* 188 Wis. 383, 206 N. W. 204. But this does not warrant reviewing an appeal from an order striking out a portion of an answer not so pleaded, as a demurrer does not lie to a portion not so pleaded."

This is an action to recover damages for pain and suffering due to malpractice, and the issues necessarily arise out of the cause of action alleged and the answer of the defend-

ants. The action is brought to recover damages for the negligent acts of the defendants in the treatment of one who had been the victim of an automobile collision. The complaint is for acts following and, as far as the complaint is concerned, independent of the preceding injuries. The claim brought forth by the plaintiff arises out of the relation of physician and patient, and the plaintiff has definitely confined the grounds of his complaint to matters arising in the hospital while his wife was in the charge of the defendants. Plaintiff insists that the order granting its motion to strike is not one from which an appeal can be brought.

The pleader is not permitted to inject by way of recital redundant or immaterial matter even if he numbers the paragraphs. A motion to strike is the procedure to be followed when there has been an improper mingling in one statement of several grounds of defense. An early case, *Horton v. Arnold,* 17 Wis. 143, treated with an allegation in an answer that the chattel note sued upon by the assignee thereof was transferred after date, inserted for the purpose of rendering admissible the defense of failure of consideration. It was ruled that such allegation in the answer was redundant and immaterial and should be stricken on motion. The objectionable statements in the instant case, which were stricken from the answer by the court below, appear in the foregoing statement of facts and need not be repeated here. The motion to strike was resorted to because the matter, if true, was not pleaded as new matter and set out as a separate defense and cannot be challenged on demurrer. It is not stated as a separate defense or so declared upon as to be a defense to the claim of malpractice, nor is it set up as a partial defense affecting the amount of damages as required by sec. 263.16, Stats. See *Greene v. Waters,* 260 Wis. 40, 49 N. W. (2d) 919.

A motion to strike was within plaintiff's right. In *Akerly v. Vilas,* 25 Wis. 703, we find the following principle stated: That in case of the improper mingling in one statement of

several grounds of defense, the remedy is by motion to strike. See also *National Distilling Co. v. Cream City Importing Co.* 86 Wis. 352, 56 N. W. 864.

*By the Court.*—Appeal dismissed.

GEHL, J. (*dissenting*). I agree that it has been definitely established that an order striking portions of an answer is not appealable. I do not agree, however, that we cannot or should not in this case treat the motion as a demurrer as defendants request we do.

"A motion to strike out in its entirety a separate defense is, in its legal effect, a demurrer." *Williams v. Journal Co.* 211 Wis. 362, 365, 247 N. W. 435.

The defense which was stricken by the trial court is contained in its entirety in paragraph 6 of the answer. It is not seriously contended that it does not state a defense, at least *pro tanto*. It lacks nothing except the few words which would expressly denominate it as a separate defense. In *Paraffine Companies v. Kipp,* 219 Wis. 419, 421, 263 N. W. 84, we said:

"Even a general demurrer to specific paragraphs of an answer, where no single paragraph purports to contain within itself a completely stated defense to the complaint or any part thereof, is wholly ineffective to raise an issue of law. A general demurrer must be directed to the entire answer, or to some separately stated portion thereof purporting to constitute a defense."

In the instant case a single paragraph purports to contain within itself a completely stated defense to the complaint. It supplies what was lacking in the *Paraffine Companies Case.*

Defendants' failure to state in express terms that they were pleading the matter as a separate defense does not require us to treat it differently. As the court said in the *Paraffine Companies Case,* "the question is not one of nomenclature, but of substance."

The pleading should be tested by the liberal rule of the statute that "in the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed, with a view to substantial justice between the parties," sec. 263.27, Stats. A pleading must be held good "though the allegations be *in form* uncertain, defective, and incomplete." *Palmersheim v. Hertel,* 179 Wis. 291, 299, 191 N. W. 567.

Sec. 263.13 (2), Stats., provides that the answer must contain,

"A statement of any new matter constituting a defense or counterclaim, in ordinary and concise language, without repetition."

Sec. 263.16, Stats., provides that "the defendant may set forth, by answer, all defenses . . . he has . . . ; they must be separately stated." Neither section requires that the separate defenses be labeled as such. The matter of designation or the lack of it was not considered important in *Kipp v. Gates,* 126 Wis. 566, 105 N. W. 947, where a demurrer was interposed to a portion of an answer alleged "as a further defense," and the court said the expression "obviously means a separate and additional defense."

Sec. 263.14 (2), Stats., requires that a counterclaim must be pleaded "as such;" that it must be so denominated. *Voechting v. Grau,* 55 Wis. 312, 13 N. W. 230. It seems to me to be significant that when the legislature deemed it necessary to require a label upon a pleading it did so in clear language. No such direction is contained in either sec. 263.13 or sec. 263.16.

Under the circumstances here presented we should treat plaintiff's motion as a demurrer to paragraph 6 of the answer and deny their motion to dismiss the appeal.

I am authorized to say that Mr. Justice CURRIE and Mr. Justice STEINLE concur in this dissent.