Britz, Appellant, vs. Chilsen and another, Respondents.

*September 10—October 9, 1956.*

For the appellant there were briefs and oral argument by *Ken Traeger* of Gresham.

For the respondents there were briefs by *Stroud, Stebbins, Wingert & Stroud* and *Byron H. Stebbins* and *Richard L. Cates,* all of Madison, for the Pontiac Motor Division, General Motors Corporation, and by *Hall & Griffith* of Madison for L. J. Chilsen, and oral argument by *Byron H. Stebbins* and *Laurence W. Hall.*

BROWN, J. Sec. 274.33 (1), Stats., defines an appealable order as "an order affecting a substantial right, made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken." No other statutory provision appears to be applicable to the situation before us. The order in question does not determine the action nor prevent a judgment from which an appeal may be taken. It has been held many times that an order striking out, as irrelevent, portions of a pleading is not appealable. *Wiesmann v. Shanley* (1905), 124 Wis. 431, 102 N. W. 932 (complaint); *Gooding v. Doyle* (1908), 134 Wis. 623, 115 N. W. 114 (answer); *State v. Lewis* (1916), 164 Wis. 363, 159 N. W. 746 (answer); *Gilbert v. Hoard* (1930), 201 Wis. 572, 230 N. W. 720 (answer); *First Wisconsin Nat. Bank v. Pierce* (1938), 227 Wis. 581, 596, 278 N. W. 451 (counterclaim); *Bolick v. Gallagher* (1954), 266 Wis. 208, 63 N. W. (2d) 93 (answer).

The appellant seeks to avoid these precedents by persuading us that what respondents have really done is to demur to a part of the complaint and the order granting the motion to strike is actually an order sustaining a demurrer, which is an appealable order.

Referring to motions to strike, sec. 263.44, Stats., so far as material here, provides:

". . . the court . . . on such motion, may strike out any matter or defense as sham, any other as frivolous, or as irrelevant or otherwise, as the pleading shall be found to be."

Appellant submits that respondents' motion is not couched in terms authorized by the above statute since it does not charge that the allegations complained of are shams, frivolous, or irrelevant, but on the contrary it speaks in language appropriate to demurrers and must be considered one. The motion quoted the allegations which respondents wished to remove from the complaint and moved to strike them "on the grounds that the complaint does not state a cause of action for these damages." A similar contention was before us in *Gilbert v. Hoard, supra*. The pleading there in question was the answer and plaintiff moved to strike from it certain allegations "for the reason that the same is and constitutes no defense." We said (p. 573):

"To challenge matter as not defensive as is here done is in effect the same as to challenge it as irrelevant."

In the same way, we consider that to challenge a part of a claim for damages on the ground that the complaint did not state a cause of action for such damages is in effect to challenge that part as irrelevant to the cause of action which the complaint sets forth.

We conclude that the motion to strike is not defective because of the terms in which it is expressed nor have those terms converted it into a demurrer. It remains a motion to strike and over an order granting it we have no appellate jurisdiction.

*By the Court.*—Appeal dismissed.

WINGERT, J., took no part.